19892

The STATE, Respondent, v. Paul Michael SMITH, Appellant

(208 S. E. (2d) 533)

*Messrs. Carter, Philpot & Johnson,* of Greenville, *for Appellant,*

152

*Messrs. Thomas W. Greene, Sol.,* of Greenville, *and Daniel R. McLeod, Atty. Gen., Robert M. Ariail, Asst. Atty. Gen.,* and *Joseph R. Barker, Staff Attorney,* of Columbia, *for Respondent,*

*Messrs. Carter, Philpot & Johnson,* of Greenville, *for Appellant,* in Reply.

Sept. 25, 1974.

AGNEW, Acting Justice:

The appellant, Paul Michael Smith, was indicted by the Grand Jury for Greenville County on May 1, 1972, for the murder of one Jackie Ray Hughes. A trial was held in the Court of General Sessions in Greenville on November 9, 1972, at which trial the jury returned a verdict of guilty of manslaughter. The trial judge, the Honorable Julius B. Ness, sentenced the appellant to confinement in the State Department of Corrections for a term of ten years.

The incident which led to the death of Mr. Hughes consisted of the appellant and one David Gordon firing pistols at each other in front of Greene's Grocery at Pelham, South Carolina, on October 15, 1971. A bystander, Jackie Ray Hughes, was killed during the exchange of gunfire. The ballistics tests run by an agent of the State Law Enforcement Division indicated that the bullet which killed Mr. Hughes was fired from the pistol used by the appellant.

The evidence showed that there had been prior "bad blood" between the appellant and David Gordon, stemming in part from the fact that the appellant was seeing Gordon's former wife. On the date of the shooting, Gordon had been drinking and had been to his former wife's home to see his child. Gordon and his former wife had an argument concerning the appellant. Gordon then went to Greene's Store and parked in front of the store.

The appellant came by in his car and turned up a nearby road. Jackie Ray Hughes was standing near the car which

154

Gordon was driving on the date of the shooting. This car belonged to Gordon's current wife. Gordon testified that he was seated in the car. The appellant testified that he did not see Gordon. After the appellant turned onto the nearby road, there was a shout. The appellant stopped and started backing toward the store. Gordon testified that he believed the shout to have been made by the appellant. The appellant testified that he believed Jackie Ray Hughes, a friend of his, was calling him to come to the store.

Gordon testified that the appellant began firing at him and he only returned the fire in self-defense. The appellant testified that Gordon began firing at him, and he fired only in self-defense. No other witness could tetsify as to who fired the first shot. Judge Ness charged the jury on self-defense.

Appellant asserts error on the part of the trial judge in refusing to admit testimony to the effect that the State's witness David Gordon had made a threat against the life of the appellant. Admittedly, the threat allegedly occurred some six months prior to the shooting. The respondent contends that the alleged threat was far too remote in time to have been relevant. We disagree. In the case of *State v. Brooks,* 79 S. C. 144, 60 S. E. 518, this Court held that evidence of previous quarrels and ill feeling or hostile acts between the parties is clearly admissible to show the animus probably existed between them at the time of the homicide.

The alleged threat was introduced and the Solicitor objected for lack of communication. The court sustained the objection. The appellant contends that the alleged threat of the State's witness was admissible for impeachment purposes as a prior inconsistent statement of the witness. We agree. The foundation for the use of this threat was properly laid through the cross-examination of the State's witness and the Appellant clearly stated the purpose for which the testimony was introduced.

The Respondent further argued that the threat was not admissible as a prior inconsistent statement because it was collateral. In *State v. Brock,* 130 S. C. 252, 126 S. E. 28, this Court held that a generally approved test to determine whether a question is collateral to the issues joined or not has been thus stated:

"Would the cross-examining party be entitled to prove the fact as a part of, and as tending to establish, his case?"

It is clear from an examination of the record that the testimony was admissible and that the Trial Court was in error in excluding same.

This Court held in *State v. Bass,* 242 S. C. 193, 130 S. E. (2d) 481, that:

"It is well settled that the extent of cross-examination of a witness is within the trial Judge's discretion and a wide latitude is allowed to test the witness' memory, bias, prejudice, interest or credibility. In *State v. Maxey,* 218 S. C. 106, 62 S. E. (2d) 100, the rule is stated as follows: '* * * The general range and extent of cross examination is within the discretion of the trial judge, subject to the limitation that it must relate to matters pertinent to the issue, or to specific acts which tend to discredit the witness or impeach his moral character. The discretion of the trial court in allowing cross examination is not subject to review except in cases of manifest abuse or injustice. * * *' "

Having concluded that the appellant is entitled to a new trial, it becomes unnecessary to consider the other question raised by the appellant.

The judgment of the lower court is accordingly reversed and the cause remanded for a new trial.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.