20439

The STATE, Respondent, v. Sandra ATCHISON, Appellant.

(235 S. E. (2d) 294)

*Messrs. James B. Stephen, George H. Thomason,* and *Danny R. Smith, Stephens & Cummings,* Spartanburg, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, and *John H. Nolen, Sol.,* of Spartanburg, *for Respondent,*

May 23, 1977.

RHODES, Justice.

Sandra Atchison, the appellant, was tried for the July 22, 1974 murder of Dwight Terrence Atchison, her husband, and found guilty of the lesser included offense of involuntary manslaughter. She was sentenced to a term of thirty (30) months, from which judgment and sentence she appeals to this Court seeking a new trial based on a number of alleged trial errors. We affirm the conviction.

The first question raised by the appellant is that the trial court erred in denying her motion to suppress as evidence the pair of scissors found in the trunk of the automobile in which the homicide occurred. The search of the automobile was made without a warrant and appellant's exception is grounded on Fourth Amendment rights. The appellant has ably briefed her position that the scissors were improperly admitted into evidence by the trial judge. However, in light of our finding that the admission of the pair of scissors, if error, was harmless, we do not consider the legality of the search. We are convinced that the scissors disclosed by the search did not contribute to appellant's conviction and that the admission of same was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U. S. 18, 87 S. Ct. 824, 17 L. Ed. (2d) 705 (1967) ; *Harrington v. California,* 395

U. S. 250, 89 S. Ct. 1726, 23 L. Ed. (2d) 284 (1969) ; *Schneble v. Florida,* 405 U. S. 427, 92 S. Ct. 1056, 31 L. Ed. (2d) 340 (1972). The test prescribed by these cited cases is to determine whether there was any reasonable possibility of the evidence having affected the verdict. It is in the light of this test that we find the admission of the scissors to be harmless error.

The appellant drove the decedent to a hospital where he was pronounced dead on arrival. Immediately thereafter she revealed to the police in a statement, which we hereafter find to be properly admitted, that her husband was unintentionally killed while they were scuffling over a sharp instrument. Thus, there was never any issue in this case as to the fact that a sharp instrument killed the decedent. In her testimony at trial, the appellant specifically identified the scissors that had been admitted into evidence as being those which she had placed in her purse before leaving work and as being the death weapon. In light of the evidence recounted above, we conclude that the admission of the scissors into evidence was harmless beyond a reasonable doubt.

In Question II of her brief, the appellant complains of the exclusion of certain evidence. Although the exceptions relating to this question lack specificity and are not in full compliance with the Rules of this Court, we have considered them to the extent possible in view of such deficiency.

The appellant contends that the trial judge erred in excluding testimony regarding difficulties between the appellant and the decedent and testimony of threats made by the decedent to the appellant. The rule in this area is expressed in the cases collected at 11 West's South Carolina Digest, "Homicide", Key 189. The rule is well-settled that in homicide cases, the defendant is permitted to introduce testimony concerning previous difficulties with the decedent. The rationale for allowing such evidence is that it is relevant to the issue of the *animus* of the parties as it re-

lates to the demeanor each party had reason to expect from the other when they met at the time of the fatal difficulty. Threats of bodily harm by the decedent against the defendant are likewise admissible under the reasoning stated above. *State v. Smith*, 263 S. C. 150, 208 S. E. (2d) 533 (1974). It is equally well-settled that testimony as to the *details* of such difficulties is inadmissible. *State v. Bush*, 211 S. C. 455, 45 S. E. (2d) 847 (1948) ; *State v. Kennedy*, 143 S. C. 318, 141 S. E. 559 (1928).

■ An examination of the record discloses that all of the testimony offered by the appellant concerning prior difficulties was admitted into evidence except that of one Jerry Ellisor. Ellisor sought to testify concerning a conversation he had with the decedent. An objection was interposed by the State and was sustained. The witness never related the conversation. Although the ensuing colloquy between the court and counsel indicated that the conversation involved a threat by the decedent, there is nothing in the record to indicate the nature of the threat. There was no offer of proof of this witness's testimony and, absent such offer, this Court is unable to pass upon the ruling of the trial judge. The failure to make an offer of proof as to Ellisor's testimony or to place into the record the facts to be elicited from him precludes the appellant from objecting to its exclusion in this appeal. 23 C. J. S. Criminal Law § 1029(a) and (c).

■ The appellant also objects to the refusal of the trial judge to admit the testimony of one Benjamin Gibson, an Atlanta attorney, whom the appellant had consulted concerning instituting a divorce action against the decedent. Upon objection by the State, defense counsel stated to the court that the witness was offered to testify about the history of the appellant's relations with the decedent given him by the appellant at the time of such consultation. This testimony was properly excluded as being hearsay and self-serving. The case of *State v. Bottoms*, 260 S. C. 187, 195 S. E. (2d) 116 (1973), contains the following applicable

statement: "In the case of *State v. Adams,* 68 S. C. 421, 447, 47 S. E. 676, 677, it was held, 'The rule is that a defendant cannot introduce in his defense his own statements made to others.'" However, it should be noted that the appellant subsequently testified that she had consulted Gibson in late 1973 about a divorce on the ground of physical cruelty. Moreover, she was permitted to testify concerning the incidents that gave rise to this alleged ground.

The next assignment of error concerns the refusal of the trial judge to admit certain evidence regarding the claim by the appellant that the decedent was a drug addict. The appellant, who interposed the defense of self-defense, argues in her brief that the purpose in offering such testimony was to show the decedent's life-style and propensity for violence with respect to who was the aggressor in the fatal incident. The appellant contends that an addict not under the influence of drugs is likely to be more violent than an addict who is under the influence. However, there is no proof in the record as to this latter assertion, and this is not a matter of which the Court can properly take notice.

The following evidence concerning the use of drugs was excluded: (1) the testimony of Azon Downs, a police officer, concerning Downs' discovery of the decedent in possession of a syringe in 1972; (2) the testimony of Pauline Gardner, Custodian of Records of Spartanburg General Hospital, concerning the decedent's hospitalization for hepatitis in 1971; (3) the testimony of Michael Reid Murphy, a private investigator, concerning certain drug paraphernalia found in the automobile in which the decedent was killed and in the decedent's home.

In *People v. Moretti,* 6 Ill. (2d) 494, 129 N. E. (2d) 709 (1955), *cert. den.* 356 U. S. 947, 78 S. Ct. 794, 2 L. Ed. (2d) 822, the defendant sought to introduce evidence to the effect that the victim had been addicted to drugs some fourteen (14) months before the date of the homicide. The trial

court in *Moretti* analogized its facts involving drugs to the facts in *State v. Ricks*, 170 La. 507, 128 So. 293 (1930), which involved alcohol addiction. In *Moretti,* the following is quoted from *Ricks*: "Even if the habit of the deceased as to drinking and proof of specific acts were admissible, such evidence in the present case would be wholly irrelevant and immaterial, as there is no proof that deceased was intoxicated at the time of the homicide. His alleged turbulent and dangerous character, when under the influence of liquor on other occasions, is therefore beside the question." The appellate court gave as one of the reasons for the exclusion of the evidence in *Moretti* the fact that there was no proof that the decedent was under the influence of drugs at the time the homicide occurred. We note that in the instant case there is similarly no testimony or other proof that the decedent was under the influence of drugs at the time he was killed.

Furthermore, it is a well-settled principle that questions involving the admission of proffered evidence are largely discretionary with the trial judge. *State v. Bottoms, supra.* Finally, it should be noted that during the course of the trial, the trial judge permitted considerable testimony from defense witnesses concerning the decedent's use of drugs. The excluded evidence would merely have had a cumulative effect. The appellant suffered no prejudice in the exclusion of the proffered testimony of Downs, Gardner and Murphy.

The appellant next contends that the trial court erred in failing to grant two separate motions for a mistrial. These motions were based upon: (1) an allegedly prejudicial remark by the trial court, and (2) an allegedy improper question by the solicitor in cross-examination. The general rule is that a motion for a mistrial is within the sound discretion of the trial judge. *State v. Arnold,* 266 S. C. 153, 221 S. E. (2d) 867 (1976). We proceed now to discuss both motions.

At some considerable time prior to the trial of this case, a court order had been issued requiring the State to make available to the defense all information in its possession pertinent to this case. While one Lowell Hendrix, the chief investigating officer for the State, was testifying on cross-examination, it developed that an initial investigative report was in existence but had never been made available to the defense. In the colloquy that ensued, the trial judge stated: "Well, the initial report would be by the officer who made the initial investigation—that was Mr. Crocker. Put it in the record if you want to. There's nothing hidden about this case. No mystery about it it seems to me." The exhibit was then put into evidence. Immediately thereafter, counsel for the appellant moved for a mistrial based on the alleged prejudicial nature of the judge's comment. The appellant argues that the trial judge's remark was prejudicial in that it showed that he was partial to the State. The respondent contends that the remarks were nothing more than a statement of the judge's grounds for his ruling on the violation of the disclosure order.

It is difficult to see how this statement, taken on its face, can be considered prejudicial to the appellant as contended. Rather, the statement can be reasonably construed to convey the idea that the court, ordering on its own initiative that the report be put into evidence, was attempting to ensure that there was nothing "hidden" or "mysterious" about the case in keeping with the pre-trial order for full disclosure. The following quotation from *State v. Deas*, 202 S. C. 9, 23 S. E. (2d) 820, 822 (1943), is particularly applicable to this issue:

"[W]hile the remarks were made in the presence of the jury, they were not made to the jury (or in charging the jury), but to counsel in passing upon his request. This court has recently, in a number of cases, been called upon to consider such remarks made by judges during the progress of trials, and the general rule announced is that such remarks,

made in passing upon the admissibility of evidence, or motions for nonsuit or direction of a verdict, do not fall within the inhibition of the Constitution against judges charging juries with respect to matters of fact, and become reversible error, unless they are made in such manner or under such circumstances as to so impress upon the jury the opinion of the judge as to some vital fact in issue that he thereby becomes a participant in the decision of such fact to the prejudice of appellant. . . ." [Citations omitted.]

We find no abuse of discretion in the denial of this motion for a mistrial.

During the solicitor's cross-examination of the appellant, he asked her if one Joe Patton was her lover. She replied in the negative. No objection to the solicitor's question was interposed at that time. However, at the close of all of the evidence in the case, counsel for the appellant moved for a mistrial because of the alleged impropriety and prejudicial effect of this question. Defense counsel assigns as his reason for not making an objection at this point the belief that he should wait to determine whether the State would offer reply testimony as to appellant's relationship with Patton that would furnish a proper basis for asking the question during cross-examination. In our opinion, the objection should have been made contemporaneously with the solicitor's question and renewed at the conclusion of the testimony. We need not consider whether the question was improper in view of our conclusion that there was no objection contemporaneous with the question asked. The matter, therefore, was not preserved for inclusion in a motion for mistrial at the close of all the evidence.

The rule requiring contemporaneous objection in order to be able thereafter to claim error in the admission of testimony is fundamental. See cases collected at 7A West's South Carolina Digest, "Criminal Law", Key 1036(1). While we have found no case applying this general rule to motions for mistrial based on the admission of evidence not

contemporaneously objected to, we discern no reason why the rule should not be equally as valid and applicable to the factual situation presented herein.

The appellant next charges error by the trial court in instructing the jury that the burden of proving the elements of self-defense was on the appellant and that it was necessary for her to prove the same by a preponderance of the evidence. The arguments advanced by the appellant in her brief are the same as those rejected by this Court in the recent case of *State v. Bolton,* 266 S. C. 444, 223 S. E. (2d) 863 (1976). Under the authority of *Bolton,* we overrule the appellant's exception.

Prior to trial, counsel for the appellant moved to suppress certain oral statements which appellant had given to the police shortly after the decedent's death. After a lengthy suppression hearing, the court denied the appellant's motion. The appellant contends that the trial court committed reversible error in permitting these statements into evidence. She advances two arguments : (1) that the appellant was too hysterical to give any statement freely and voluntarily; and (2) that the statements given were inadmissible because the police officer did not stop the questioning when she requested counsel. There was conflicting testimony during the suppression hearing on both of these points.

Whenever there is conflicting evidence relative to the validity of a statement or a confession, as is quite often the case, it becomes the initial duty of the trial court to make a factual finding as to the validity of the statement. If found valid, the court should allow the statement to go to the jury for its ultimate determination of validity. *State v. Valenti,* 265 S. C. 380, 218 S. E. (2d) 726 (1975). We find it sufficient to state that, in the instant case, there is ample support in the record for the trial judge's finding and ruling with regard to the appellant's statements.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.