20580

The STATE, Respondent, v. James E. SWEET, Appellant.
(240 S. E. (2d) 648)

*Costa M. Pleicones,* of Columbia, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes* and *Richard P. Wilson, Asst. Attys. Gen.,* and *James C. Anders, Sol.,* of Columbia, *for Respondent,*

January 16, 1978.

LEWIS, Chief Justice:

Appellant was convicted of rape and received a sentence of thirty-five (35) years. His sole ground of appeal is that the trial judge erred in excluding certain testimony as hearsay.

The prosecutrix testified that on May 24, 1976 appellant accosted her on North Main Street in Columbia, South Carolina, thrust a knife to her side, and forced her into a secluded area where he raped her. Appellant admitted hav-

ing sexual intercourse with the prosecutrix, but testified that it was with her consent. He also related certain personal facts concerning the prosecutrix which he said she told him in a conversation when they were together at the time of the incident in question. The prosecutrix, although admitting the truth of the personal facts related by appellant, denied having related them to appellant. The purpose of this testimony by appellant was evidently to form the basis for the contention that the divulgence by the prosecutrix of these personal facts showed a friendly relationship between them at the time of the act, conducive to a consensual rather than a forced relationship.

In order to substantiate his awareness of these personal facts about the prosecutrix and that he obtained them from her, appellant offered a witness (a law clerk in the office of appellant's counsel) to testify that appellant told him (the law clerk), on June 1, 1976, about one week after the incident and about six days after appellant's arrest, of the facts allegedly imparted to him by the prosecutrix. The trial judge refused to permit this testimony by the law clerk on the ground that it was hearsay. Appellant contends that the refusal to permit the law clerk to so testify constituted prejudicial error. Our conclusions upon this question dispose of all issues in the case.

It is argued that the proffered testimony was admissible as circumstantial evidence of appellant's knowledge of the personal facts concerning the prosecutrix, gained from a conversation with her, and not to prove the truth of the matters asserted in the alleged conversation, relying upon the rule stated in McCormick, Evidence, Section 246 and 6 Wigmore on Evidence, Section 1788 (Chadbourn rev. 1976).

Appellant's defense was that the prosecutrix consented. He testified that he had a conversation with her at the time of the act in which she related personal information about herself of such nature as to indicate consent. The prosecutrix denied giving this information but admitted its truth. Ap-

pellant's subsequent statement to the law clerk was offered for the purpose of showing that appellant knew these personal facts and obtained the information from the prosecutrix. In other words, appellant sought to establish his awareness of the facts in question by his own alleged subsequent statements to the law clerk.

The testimony of the law clerk was inadmissible as hearsay and self-serving. It was offered for the purpose of showing that appellant obtained the information about the prosecutrix from her and thereby to bolster the defense of consent. The evidence related directly to the appellant's defense and was testimonial in nature. As such it was hearsay and self-serving, and inadmissible under the rule affirmed recently in *State v. Atchison,* S. C., 235 S. E. (2d) 294, that ". . . a defendant cannot introduce in his defense his own statements made to others."

Judgment affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.