## 22056

The STATE, Respondent, v. Tony L. CABBAGESTALK, Appellant.

(314 S. E. (2d) 10)

Supreme Court

*Asst. Appellate Defenders Elizabeth C. Fullwood* and *Stephen P. Williams,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Carlisle Roberts, Jr.,* Columbia, and *Sol. J. DuPre Miller,* Bennettsville, *for respondent.*

Heard February 8, 1984.

Decided March 13, 1984.

HARWELL, Justice:

Appellant Tony L. Cabbagestalk was convicted by a Dillon County jury of assault and battery of a high and aggravated nature. The trial judge sentenced him to three years imprisonment. We affirm.

This appeal involves the trial judge's refusal to allow appellant to call two surprise witnesses. The judge granted a pretrial motion by appellant's attorney to sequester all witnesses except the State's invesigating officer and the appellant. The appellant was to be the sole defense witness. After the first two State witnesses had testified, appellant

recognized two spectators in the courtroom as having been at the pool hall the night of the assault.

Appellant's attorney requested that he be allowed to call the two persons as witnesses. The judge refused the request because the sequestration order had been enforced for the State's witnesses. He also denied the defense motions for a mistrial and for a new trial.

The decision whether to waive a sequestration order for witnesses present during the trial rests in the sound discretion of the trial judge. *State v. Hall,* 268 S. C. 524, 235 S. E. (2d) 112 (1977). We find no abuse of that discretion.

The record contains no indication of the specific content of the surprise witnesses' testimony. Appellant's attorney told the judge that the testimony would be relevant to the self-defense issue. The record reveals that the witnesses may have been inside the pool hall, but they were not outside the hall where the stabbing occurred. We are unable to determine from the record whether the testimony was so material as to render its exclusion prejudicial. Failure to make an offer of proof precludes the appellant from raising the issue on appeal. *State v. Atchison,* 268 S. C. 588, 235 S. E. (2d) 294 (1977), cert. denied, 434 U. S. 894, 98 S. Ct. 273, 54 L. Ed (2d) 181.

We, accordingly, affirm.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.