No. 85–5186.   SOUTH *v.* SOUTH CAROLINA.   Sup. Ct. S. C. Certiorari denied.   JUSTICE BLACKMUN would grant the petition for writ of certiorari, vacate the judgment, and remand the case for further consideration in light of *Caldwell* v. *Mississippi,* 472 U. S. 320 (1985).

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Last June, this Court held it "constitutionally impermissible to rest a death sentence on a determination made by a sentencer who

has been led to believe that the responsibility for determining the appropriateness of the defendant's death rests elsewhere." *Caldwell* v. *Mississippi,* 472 U. S. 320, 328–329 (1985). In *Caldwell,* the prosecutor had urged the jury not to view its sentence recommendation as determining whether defendant would die because any death sentence would be reviewed by the State Supreme Court. "The argument was inaccurate, both because it was misleading as to the nature of the appellate court's review and because it depicted the jury's role in a way fundamentally at odds with the role that a capital sentencer must perform." *Id.,* at 336.

I believe the facts of this case similarly demand reversal. At petitioner's sentencing hearing, the prosecutor set the stage for the trial judge's instructions, noting:

> "'He will explain to you about the mitigating parts, things that the defense will say you should consider in imposing life imprisonment.
>
> "'And even behind all of that there are many safeguards built into this law. There are many many guidelines, safeguards for the defendant's benefit. And I have no problems with that. I agree with that. I want it that way.
>
> "'We are talking about the ultimate punishment. *There are even safeguards that I can't tell you about because the law says I am not suppose [sic] to tell you about them,* and I have no problems with that. I am glad it is that way.'"
> App. to Pet. for Cert. 12a (emphasis supplied).

The jury returned a recommendation for death, and that sentence was accordingly imposed by the trial court. On appeal, the South Carolina Supreme Court deferred to the "wide discretion" of the trial judge "regarding the propriety of the argument," *id.,* at 6a, and refused to disturb his ruling. Seven days later, this Court handed down its decision in *Caldwell.*

In *Caldwell,* the prosecutor's specificity as to the alleged safeguards allowed this Court to assess the degree to which his remarks might have led the jury to "shift its sense of responsibility to an appellate court." 472 U. S., at 330. Such an assessment is impossible here because the prosecutor's vague assurances invited jurors to speculate freely as to the extent to which they could share their duty of deciding whether petitioner should die.

Their ability to shift their responsibility was limited only by their imaginations. But there can be no doubt that, as in *Caldwell*, the argument "urged the jurors to view themselves as taking only a preliminary step toward the actual determination of the appropriateness of death—a determination which would eventually be made by others and for which the jury was not responsible." *Id.*, at 336.

The South Carolina Supreme Court asserted that any prejudice attributable to the prosecution's remarks was negated by defense counsel's arguments and the trial judge's instructions. But once the prosecutor had alluded to safeguards that he claimed could not even be disclosed to the jury, the absence of further reference to such safeguards could only corroborate, not cure. Certainly, it cannot be seriously suggested that the remarks had "no effect" upon the jury's decision to recommend that petitioner receive the death sentence. See *Caldwell, supra*, at 341.

Even were I to believe that the death penalty could constitutionally be imposed under certain circumstances, I would grant the petition, vacate the sentence, and remand this case to the South Carolina Supreme Court for reconsideration in light of *Caldwell*. This Court's refusal to treat like cases alike can only add to the unconstitutionally arbitrary nature of the death penalty.