23150

The STATE, Respondent v. Butch FERGUSON, Appellant.
(388 S. E. (2d) 642)

Supreme Court

*Asst. Appellate Defender Tara Dawn Shurling, S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. Holman C. Gossett, Jr.,* Spartanburg, *for respondent.*

Heard Sept. 19, 1989.

Decided Feb. 5, 1990.

GREGORY, Chief Justice:

Appellant was convicted of robbery and sentenced to seven years. We affirm.

The victim, Willie Callahan, testified on the night of October 17, 1986, he stopped at a local bar and grill to cash a loan proceeds check for $1136. During this transaction, Diane Sims approached Callahan to ask for a ride home for herself and "Butch Ferguson" (appellant). After some hesitation, Callahan agreed to give the couple a ride. Diane Sims gave directions. When they entered a dead end street and Callahan slowed his truck to turn around, appellant jumped out of the passenger side door, ran around to Callahan's door, and pulled him from the truck. Appellant then beat Callahan in the face and knocked him unconscious. When he awoke, Callahan heard appellant say, "Come on, Diane ... I got the money; let's go." Appellant and Diane Sims ran from the scene on a path through the woods. Callahan discovered he was missing his wallet containing $880 and all his credit cards.

Callahan testified when police officers arrived on the scene, he first gave them a description of the perpetrators in hopes of apprehending them, then gave the names "Diane Sims" and "Butch Ferguson." He testified he knew Diane Sims and he also knew Butch Ferguson "not personally, just by seeing his face." He identified appellant in court as Butch Ferguson and stated he had no doubt he was the man with Diane Sims.

Diane Sims testified Callahan gave her a ride home that night but appellant was not with her. She said Callahan had a male acquaintance in the truck to whom he was also giving a ride. Sims testified she fled the truck when Callahan and the other man started fighting. Appellant testified he was elsewhere on the night in question.

Appellant contests the exclusion of a statement given by Callahan to the police on October 22, 1986, five days after the incident. He claims Callahan's statement is inconsistent with his testimony in the following particulars:

1) Callahan testified he knew Butch Ferguson; the statement indicates Callahan told police: "I didn't know the black male she [Diane] was with, but she called him Butch Ferguson."
2) Callahan testified he wasn't drinking on the night in question; the statement says he bought a beer while at the bar;
3) Callahan testified $880 was stolen; the statement says $765 was stolen.

Neither the solicitor nor defense counsel knew of the existence of this statement until after Officer Taylor, the last witness for the defense, testified. At that time, appellant made a motion to recall Callahan in order to impeach him. The trial judge denied the motion. Appellant then moved to admit the statement into evidence. This motion was also denied.

In brief, appellant attacks the judge's rulings on two grounds: (1) appellant had a right to recall Callahan and impeach him with the statement; and (2) the statement was admissible as substantive evidence because it was a prior inconsistent statement. *See State v. Copeland,* 278 S. C. 572, 300 S. E. (2d) 63 (1982).

We agree the trial judge should have granted appellant's motion to recall Callahan. We find, however, appellant was not unfairly prejudiced by the exclusion of the statement as impeaching evidence.

Officer Taylor, who investigated the incident, testified in his opinion Callahan had been drinking on the night in question. He also testified Callahan did not know the perpetrators. This testimony was in effect more damaging than

the excluded statement which indicated Callahan knew the man who robbed him was named Butch Ferguson. The only alleged inconsistency not introduced through Officer Taylor's testimony was the differing amounts of stolen money. When impeaching evidence from a prior inconsistent statement would not have had a meaningful impact on the witness's credibility, its exclusion is not reversible error. *Duncan v. State*, 281 S. C. 435, 315 S. E. (2d) 809 (1984). We conclude the refusal to allow impeachment was not reversible error.

Further, the trial judge's refusal to admit the statement as substantive evidence was harmless error since the excluded evidence was merely cumulative to Officer Taylor's testimony. *State v. Patterson*, 299 S. C. 280, 384 S. E. (2d) 699 (1989); *State v. Wilson*, 296 S. C. 73, 370 S. E. (2d) 715 (1988).

We dispose of appellant's remaining exceptions pursuant to Supreme Court Rule 23. Accordingly, the judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.