23987

The STATE, Respondent v. Gene Tony COOPER, Appellant.

(439 S.E. (2d) 276)

Supreme Court

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Combs, Jr. and William Edgar Salter, III*, Columbia, and *Sol. Donald V. Myers*, Lexington, *for respondent.*

Heard Jan. 19, 1993.

Decided Jan. 10, 1994.

Reh. Den. Feb. 3, 1994.

CHANDLER, Justice:

Appellant Gene Tony Cooper (Cooper) was convicted of murder, armed robbery, kidnapping and conspiracy to commit armed robbery. He was sentenced to death for murder, five years for armed robbery and five years for conspiracy.

We reverse the murder conviction and remand for new trial; the remaining convictions and sentences are affirmed.

## FACTS

In the early morning of October 6, 1989, seven-year-old Amanda Quinn discovered that her mother, Kimberly Ann Quinn (Victim) was missing from their Cayce, South Carolina, home. Victim's empty wallet was found in the yard; at 9:17 a.m., Victim's forged welfare check was cashed at a Cayce bank.

The remains of Victim's body were discovered two days later; she had suffered shotgun blasts to the head, neck and back. After her murder, Victim's hands and feet were severed with an ax and her body set on fire with gasoline. The hands and feet were subsequently discovered in a nearby creek, along with an ax owned by Appellant Cooper.

## ISSUES

(1) Did the court err in failing to secure an on-the-record waiver of Cooper's right to personally address the guilt phase jury?

(2) Did the court err in refusing to permit Cooper to question State's witness, Red Farmer, regarding Farmer's involvement in a drug smuggling conspiracy?

## DISCUSSION

### I. *Waiver of Jury Argument*

Cooper contends failure to obtain an on-the-record waiver of his right to personally address the guilt phase jury mandates reversal. We agree.

Recently, we dispositively addressed this issue in *State v. Charping*, — S.C. —, 437 S.E. (2d) 88 Opin. No. 23942, filed October 11, 1993, and held that, absent a knowing and volun-

tary waiver on the record, *in favorem review*[1] mandates reversal of the defendant's murder conviction. *See also State v. Rocheville*, — S.C. —, 425 S.E. (2d) 32 (1993). Accordingly, Cooper's murder conviction is reversed and the case remanded for a new trial.[2]

## II. *Impeachment of State's Witness*

Inasmuch as the issue may occur upon retrial, we address Cooper's contention that trial court erred in refusing to permit his cross-examination of State's witness, Red Farmer (Farmer), regarding Farmer's involvement in a conspiracy to smuggle drugs into Central Correctional Institute (CCI). We agree,[3] but hold the error harmless.

Evidence of prior bad acts which are not the subject of a conviction, but which go to the witness' credibility, are subject to cross-examination; however, the cross-examiner must take the witness' answer and the prior bad acts may not be proved by extrinsic evidence. *State v. Major*, 301 S.C. 181, 391 S.E. (2d) 235 (1990).

Error in excluding evidence of a witness' prior bad acts is harmless where the witness is thoroughly impeached by admission of numerous previous convictions and acknowledges his testimony is given in exchange for favorable treatment on pending charges. *State v. Tillman*, 304 S.C. 512, 405 S.E. (2d) 607 (Ct. App. 1991) *cert. denied. See also, State v. Ferguson*, 300 S.C. 408, 388 S.E. (2d) 642 (1990).

The record is abundant with evidence tending to impeach Farmer. Exclusion of his drug-smuggling activities at CCI was harmless.

## CONCLUSION

Cooper's conviction for murder and death sentence are reversed and remanded.

The remaining guilt phase exceptions are affirmed pursuant to Rule 220(b)(1) SCACR: *State v. Drayton*, 270 S.C. 582, 243

---

[1] This case was tried prior to *State v. Torrence*, 305 S.C. 45, 406 S.E. (2d) 315 (1991), which abolished *in favorem vitae*. Errors not appropriate for direct appeal must now be raised in applications for Post Conviction Relief.

[2] Cooper's conviction for conspiracy and armed robbery are unaffected. *State v. Charping, supra.*

[3] This testimony was admissible solely to impeach Farmer's credibility. The identities of other drug-smuggling co-conspirators were properly excluded. *State v. Gregory*, 198 S.C. 98, 16 S.E. (2d) 532 (1941).

S.E. (2d) 458 (1978) (Issue 1); *State v. Gregory*, 198 S.C. 98, 16 S.E. (2d) 532 (1941) (Issue 3; *State v. Swilling*, 249 S.C. 541, 155 S.E. (2d) 607 (1967), *cert. denied* 389 U.S. 1055, 88 S.Ct. 806, 19 L.Ed. (2d) 853 (1968), *State v. Cabbagestalk*, 281 S.C. 35, 314 S.E. (2d) 10 (1984) (Issue 4); *State v. South*, 285 S.C. 529, 331 S.E. (2d) 775, *cert. denied* 474 U.S. 888, 106 S.Ct. 209, 88 L.Ed. (2d) 178 (1985) (Issue 6).

In light of our holding, we do not address the remaining sentencing phase issues.

Affirmed in part, reversed in part and remanded.

HARWELL, C.J., and JOHN P. GARDNER and COSTA M. PLEICONES, Acting Associate Justices, concur.

MOORE, J., dissenting in part in separate opinion.

MOORE, Justice (dissenting in part):

I respectfully dissent from the majority's reversal of Cooper's murder conviction for failure to obtain an on-the-record waiver of his statutory right to personally address the jury during the guilt phase of the trial. I would find that Cooper knowingly and voluntarily waived his right.

The trial judge granted Cooper's request to participate as co-counsel, along with his two attorneys, and admonished the attorneys to explain trial procedures to Cooper. The two attorneys, H. Patterson McWhirter and John Earl Duncan, are skilled criminal trial attorneys who have experience in representing defendants in capital murder trials.

In Cooper's presence, the trial judge explained the procedures to be followed:

> Now, when the case begins, it will be opened by the Solicitor either reading or explaining to the trial jury the indictments in the case. The defendant will then be afforded an opportunity to make an opening statement. The Court will then receive evidence in the case. When all of the evidence has been received by the Court, counsel for the State and counsel for the defendant *and the defendant himself if he elects to do so, will state* for the jury *their respective positions in a summation or a final argument,* after which the Court will then fully state to the trial jury the applicable law in this case. (Emphasis added.)

Moments later, the trial judge reiterated to the jury venire that the Defendant himself had the right to make a final closing argument:

> ... But you should not form any definite or fixed opinion of the merits of the case until you have heard all the evidence in the case, all the final arguments of counsel for the State and counsel for the Defendant *and the Defendant himself, if he elects to make a final argument,* and the instruction, finally, of the law by the Court. (emphasis added).

In *State v. Orr,* 304 S.C. 185, 188, 403 S.E. (2d) 623, 624 (1991), this Court held:

> We hold that the knowing and voluntary waiver requirement must be satisfied by a full record. This may be established by colloquy between the court and the defendant himself, between the court and defendant's counsel, or both.

In this case, there was never any suggestion Cooper wished to make a final argument in either phase of the trial. To the contrary, prior to the guilt phase closing arguments, defense counsel announced to the Court ". . . I believe, originally, we had asked for two arguments. We have now decided we would only have one." This colloquy obviously shows a discussion of final arguments among defense counsel. The only reasonable inference is that Cooper, acting as co-counsel, made a knowing and voluntary waiver of his right, of which he was obviously aware, to personally have a closing argument.

At best, Cooper is entitled only to a limited remand for a hearing to determine if he knowingly and intelligently waived his right to make a personal closing argument to the jury. *See State v. Charping,* — S.C. —, 437 S.E. (2d) 88 (1993) (dissent and cases cited therein); *State v. Cash,* 304 S.C. 223, 403 S.E. (2d) 632 (1991); *Vickery v. State,* 258 S.C. 33, 186 S.E. (2d) 827 (1972). There is no reason why counsel, on remand, should not be allowed to explain if Cooper waived his right. After a hearing, if the trial judge finds he did, the murder conviction is affirmed; and if he did not, the murder conviction is reversed.