THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Robert Orlando Hill, Appellant.
 
 
 

Appeal From Abbeville County
Wyatt T. Saunders, Jr, Circuit Court Judge
Unpublished Opinion No. 2008-UP-081
Submitted February 1, 2008  Filed
 February 6, 2008
AFFIRMED

 
 
 
 Appellate Defender Eleanor D. Cleary, of Columbia and Ernest
 Charles Grose, Jr., of Greenwood, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Shawn L. Reeves, all of Columbia;  and Solicitor Jerry W. Peace,
 of Greenwood, for Respondent.
 
 
 

PER CURIAM: In
 July 2005, Robert Orlando Hill (Hill) was convicted of voluntary manslaughter
 and possession of a firearm during the commission of a violent crime. He was
 sentenced to a total of thirty-five years in prison.  Hill appeals this
 conviction contending the trial court erred by refusing to admit testimony
 regarding prior threats in connection with the deceased victim.  We affirm.[1]
FACTS 
Appellant
 Hill was charged with shooting Artell Hill[2] (Artie) while Artie sat in the
 passenger seat of a parked car.  The shooting occurred shortly after Odell Tillman, Jeffrey Tatum, and Artie rode in Tillmans
 car to Eastgate Apartments in Calhoun Falls.  Tillman parked the car and
 entered an apartment while Tatum exited the rear of the car and stood next to
 the passenger side window to talk to Artie.  Shortly thereafter, Hill rode into
 the Eastgate Apartments parking lot on a bike. 
At trial the State presented testimony from five witnesses who
 were present at the shooting.[3] 
 Hill and three of the States witnesses testified Tatum said, Whats up? to
 Hill as he rode into the parking lot.  Hill responded, Nothing, at which
 point Artie said  I heard you been looking for me, to Hill.  Two witnesses
 testified Hill responded, Stay right there, as he disembarked from the bike,
 walked towards the parked car, pulled his shirt up, removed a gun from his
 pants, and shot Artie six times. 
Hill testified he began shooting when he saw Artie reach over as
 though he were going to open the car door.  None of the States five witnesses
 saw Artie move towards the car door or attempt to open the car door.  Hill
 also testified Artie had raised a stick-like bat towards him.  After the
 shooting Artie was found clasping a stick-like bat, however, witnesses never saw
 the stick until after Artie had been shot. 
Hill shot Artie six times, including four shots to the head.  After
 the shooting, Hill got back onto his bike and rode away.  He turned himself
 into the police the following morning. Hill was indicted for murder and
 possession of a firearm during the commission of a violent crime.  During
 his July 2005[4] trial, Hill admitted to shooting Artie but claimed he did so in self-defense as
 he felt he was in danger.  A jury found Hill guilty of voluntary manslaughter
 and possession of a firearm during the commission of a violent crime.  Hill appeals. 
STANDARD OF REVIEW
In
 criminal cases, the appellate court sits to review errors of law only.  State
 v. Baccus, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006).  An appellate
 court is bound by the trial courts factual findings unless they are clearly
 erroneous.  Id.  This same standard of review applies to a trial courts
 determination of the admissibility of certain evidence in criminal cases.  State
 v. Wilson, 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001).  The admission or
 exclusion of evidence is a matter addressed to the sound discretion of the
 trial court and its ruling will not be disturbed in the absence of a manifest
 abuse of discretion accompanied by probable prejudice. State v. Wise,
 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004).

LAW/ANALYSIS
I.  Shannon
 Hills Testimony
At trial Hill unsucessfully sought to introduce testimony from
 Shannon Hill[5] (Shannon) that she had heard of Artie chasing her brother with a stick-like
 bat.  Since Shannon had no
 first hand knowledge of the incident, the trial court sustained a hearsay
 objection.  Hill then proffered Shannons testimony from his first trial in
 which Shannon testified she heard Artie had chased her brother with a bat but
 denied that Artie frequently carried bats.  Hill argues Shannons testimony
 regarding this incident should have been admitted into evidence as he could have
 taken it into account when he decided to defend himself by shooting Artie.  We
 disagree. 
In the murder prosecution of one pleading self-defense against an
 attack by the deceased, evidence of other specific instances of violence on the
 part of the deceased are not admissible unless they were directed against the
 defendant or, if directed against others, were so closely connected at point of
 time or occasion with the homicide as reasonably to indicate the state of mind
 of the deceased at the time of the homicide, or to produce reasonable apprehension of great bodily harm. State
 v. Day, 341 S.C. 410, 419-420, 535 S.E.2d 431, 436 (2000).  Whether a
 specific instance of conduct by the deceased is so closely connected in time as
 to be admissible is in the trial court's discretion and will not be disturbed
 on appeal absent an abuse of discretion. Id. at 420, 535 S.E.2d at 436.
In this instance, Artie was allegedly violent toward Shannons brother, not Hill.  The record fails to state when the incident took place or how
 it was closely connected with the shooting.  Accordingly, we find the trial
 court did not err in refusing to admit testimony from Shannon regarding an
 incident between her brother and Artie.  
II.  Appellant
 Hills Testimony
The trial court refused to allow Hill to testify that Arties
 friend, Sammy, had sent word through Arties girlfriend, Glenrissa, that when
 Sammy saw Hill, Sammy was going to handle the business.  Hill argues this
 testimony should have been admitted to illustrate he believed Artie had
 threatened him and show Hills state of mind when he shot Artie.  We disagree.
At trial Hill testified to prior threats from Artie.  Hill also
 recounted an incident in which a bunch of their peers were chasing each other
 with stick-like bats and Artie hit the car Hill was in, denting it twice.  Hill
 further testified that Artie and Sammy conveyed threats to him through other
 people which caused Hill to avoid being in close proximity with Artie.  After
 the trial court would not allow further testimony regarding instances in which
 Hill learned of threats through a third person, Hill proffered the following
 testimony:

 Q: When you were testifying in front of the jury, I asked you
 about having received threats through other people, right?
 A: Yes, sir.
 Q: And you were getting ready to talk about something that Sammy
 had said to you?
 A: Yes, sir.
 Q: All right.  What was it that Sammy had said to you?
 A: Sammy had sent word from Glenrissa Gates, Arties girlfriend at
 the time, that when he seen me, me and him was going one on one, when he see
 me, he was going to handle the business.
 Q: Who did you understand was going to handle the business?
 A: Sammy at the time, that is what he said.
 Q: About who?
 A: About me, sent the word, tell me that.
 Q: Who sent the word?
 A: Sammy.
 Q: All right.  Was Artie connected with that?
 A: Yes, sir.
 Q: How was Artie connected with that?
 A: Well, Artie and Sammy, they were like best friends.
 Q: Okay.  And who were you worried about handling the business
 with you?
 A: Well, Artie.

It is a well-settled rule that in homicide cases, the defendant is
 permitted to introduce testimony concerning previous difficulties with the
 decedent.  State v. Atchison, 268 S.C. 588, 593, 235 S.E.2d 294, 296
 (1977).  The rationale for allowing such evidence is that it is relevant to
 the issue of the animus of the parties as it relates to the demeanor each party had reason to expect from the other
 when they met at the time of the fatal difficulty. Id. at 593-94, 235
 S.E.2d at 296.  
In this instance, Hill is attempting to introduce testimony
 concerning a threat from a friend of the decedent, not Artie himself.  The admission or exclusion of evidence is within the
 discretion of the trial court and will not be reversed absent an abuse of
 discretion.  State v. Saltz, 346 S.C. 114, 121, 551 S.E.2d 240,
 244 (2001).  We find no such abuse occurred by refusing to admit Hills
 testimony regarding a threat from Sammy delivered via Glenrissa.  Although
 Sammy was Arties friend, Sammy was not present at or in anyway involved with
 the shooting.  In addition, we note the record already contained evidence of Arties
 direct threats towards Hill.  Any error in excluding
 Hills testimony regarding Sammys threat was harmless and could not have
 reasonably affected the result of the trial since evidence of Arties threats was
 already in the record. State v. Adams, 354 S.C. 361, 380-81, 580 S.E.2d
 785, 795 (Ct. App. 2003).  
Accordingly, the trial court is
AFFIRMED.
ANDERSON, SHORT, and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] The victim, Artell Hill, is not related to Appellant
 Robert Orlando Hill. 
[3] Although the testimony of the five witnesses varies
 depending on what each heard Hill, Tatum, and Artie say, all agree on the
 pattern of events preceding the shooting.
[4] The trial held in July 2005 was Hills second trial.
 Hills first conviction was reversed after a successful appeal regarding the
 States comments on Hills post-arrest silence. See State v. Hill,
 360 S.C. 13, 598 S.E.2d 732 (Ct. App. 2004).
[5] The witness, Shannon Hill, is not related to
 Appellant Robert Orlando Hill or the victim, Artell Hill.