**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Sasha A. Gaskins, Appellant.

Appellate Case No. 2011-189166

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2013-UP-203
Heard May 7, 2013 – Filed May 22, 2013

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan M. Wilson and Assistant Attorney General J. Benjamin Aplin, both of Columbia, for Respondent.

**PER CURIAM:** Sasha A. Gaskins appeals her convictions for two counts of armed robbery and two counts of first-degree burglary, arguing the trial court committed the following errors: (1) overruling her objection to the prosecutor's

closing argument; (2) ruling her expert could not testify as to her state of mind; and (3) refusing to permit her expert to respond to a hypothetical question. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.　　As to whether the trial court erred in overruling her objection to the prosecutor's closing argument: *Simmons v. State*, 331 S.C. 333, 338, 503 S.E.2d 164, 166 (1998) ("On appeal, the appellate court will view the alleged impropriety of the solicitor's argument in the context of the entire record, including whether the trial judge's instructions adequately cured the improper argument and whether there is overwhelming evidence of the defendant's guilt."); *State v. Patrick*, 289 S.C. 301, 306-07, 345 S.E.2d 481, 484 (1986) (finding several misstatements of law by the solicitor were "rendered harmless . . . when the trial judge correctly charged the jury on those matters"), *overruled on other grounds by Casey v. State*, 305 S.C. 445, 409 S.E.2d 391 (1991), *and Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999).

2.　　As to whether the trial court erred in ruling Gaskins' expert could not testify as to her state of mind: Rule 103(a)(2), SCRE (providing error may exist where evidence was excluded if a substantial right of the party is affected, and the substance of the evidence was proffered *or was apparent from the context*); *State v. Cabbagestalk*, 281 S.C. 35, 36, 314 S.E.2d 10, 11 (1984) ("Failure to make an offer of proof precludes the appellant from raising the issue on appeal."); *State v. Porter*, 389 S.C. 27, 36, 698 S.E.2d 237, 242 (Ct. App. 2010) ("To warrant a reversal based on the admission of evidence, the appellant must show both error and resulting prejudice.").

3.　　As to whether the trial court erred in refusing to permit Gaskins' expert to respond to a hypothetical question: Rule 103(a)(2), SCRE (providing error may exist where evidence was excluded if a substantial right of the party is affected, and the substance of the evidence was proffered *or was apparent from the context*); *Cabbagestalk*, 281 S.C. at 36, 314 S.E.2d at 11 ("Failure to make an offer of proof precludes the appellant from raising the issue on appeal.").

**AFFIRMED.**

**SHORT, THOMAS, and LOCKEMY, JJ., concur.**