### STATE v. HENDERSON.

1. EVIDENCE—APPEAL—DISCRETION.—A CONFESSION should not be excluded merely because made to an officer having the prisoner under arrest. The conclusion of the Circuit Judge as to whether a confession was free from threat or inducement will not be disturbed except for abuse of judicial discretion.

2. MALICE is presumed where it appears that one intentionally killed another, and no other fact in reference to the killing is known.

Before KLUGH, J., Sumter, April, 1905. Affirmed.

Indictment against John Henderson for murder. From sentence, defendant appeals.

*Messrs. Geo. D. Levy* and *H. D. Moise,* for appellant, cite: *As to admission of confessions:* 6 Ency., 2 ed., 530-1; 14 S. C., 628; 36 S. C., 524; 5 Cyc., 471. *Malice is pre-*

sumed only where killing is shown to have been without cause or excuse: 72 S. C., 194; 68 S. C., 304.

*Solicitor John S. Wilson,* contra (oral argument).

July 4, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. On the night of December 17th, 1904, Mary Henderson was found lying on the street in the city of Sumter, bleeding profusely from cuts and stabs inflicted by a knife or other sharp instrument. She was taken to the hospital of Dr. Mood and thence to her home, where she soon afterward died from her wounds. Her husband, the defendant John Henderson, was convicted of her murder and sentenced to death. By the appeal to this Court error is charged in the admission of evidence as to confessions alleged to have been made by the defendant, and in the Court's instructions to the jury.

The defendant was arrested at night by two policemen, McKagen and Barwick, at Wisacky, some distance from Sumter. McKagen testified that defendant asked him while dressing to go with the officers, "How long do you reckon they will give me for this—five years?" and that he answered, "I don't know—they may not give you anything." McKagen was then allowed to testify further, over objection, that after he and Barwick had started to Sumter with the defendant, who was hand-cuffed, he asked him, "What did you cut that woman for?" to which the defendant answered, "I was drinking a little and didn't mean to cut her as bad as I did." The law is well settled against the contention of the defendant's counsel that a confession should be excluded as not voluntary merely because made to an officer having the custody of the prisoner. *State* v. *Branham,* 13 S. C., 389; *State* v. *Dodson,* 14 S. C., 628. In deciding the question of fact whether such a confession is free from threat or inducement, the conduct of the officer will be rigidly scrutinized, but the conclusion of the Circuit

Judge on that issue of fact cannot be reviewed by this Court unless so manifestly erroneous as to show an abuse of judicial discretion. Here the officers not only made no threats and used no force, but treated the prisoner with commendable consideration. Officer McKagen's answer to the defendant's inquiry as to the probable degree of his punishment cannot be regarded an inducement to confess. He merely told the defendant that he did not know whether he would be punished at all, and this was quite a judicious and fair answer, for, of course, he could not know whether defendant would be convicted until he had been tried.

The defendant next alleges error in the instruction to the jury contained in the first sentence of the following quotation from the charge: "The law implies malice, or presumes that a person was actuated by malice, where it appears that he intentionally killed another person, and no other fact in reference to the transaction is known. But if the facts attending the killing, the facts under which the killing was done, are known and are developed before the jury, then the implication of malice disappears." The position taken by defendant's counsel that malice is to be presumed from an intentional killing only when such killing is shown to have been without just cause or excuse, has no support. *State* v. *McDaniel,* 68 S. C., 304, 47 S. E., 384; *State* v. *Rochester,* 72 S. C., 194.

The absence from the case of any element of accident is too clear for discussion, and there was, therefore, no error in the omission to charge the law of accidental homicide.

The Circuit Judge explicitly charged the jury: "And if the evidence in the case fails to satisfy you beyond a reasonable doubt that it is either a case of murder or manslaughter, then you cannot find the defendant guilty of any crime, but will find a verdict of not guilty." There is, therefore, not the slightest foundation for the exception that there was a failure to charge that on the whole case the State was bound to prove the guilt of defendant beyond a reasonable doubt.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, and the cause remanded to that Court in order that a new day may be assigned for the execution of the sentence heretofore imposed.