## 19547

The STATE, Respondent, v. Andrew BELLUE, Jr., Appellant

(194 S. E. (2d) 193)

*Messrs. W. M. Brice, Jr.,* of York, and *James T. Irvin, Jr.,* and *Robert M. Jones,* of Rock Hill, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Emmet H. Clair, Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, and *Mike S. Jolly, Sol.,* of Union, *for Respondent,*

January 15, 1973.

BRAILSFORD, Justice:

This is an appeal by Andrew Bellue, Jr., from his conviction at the March, 1971, term of the Court of General Sessions for York County of murder and his sentence to death by electrocution. The appeal was heard at the May, 1972, term of this Court. Of nine questions presented, five were relevant only to the imposition of the death penalty. Since the appeal was argued, these questions have been rendered moot by the decision of the United States Supreme Court in *Furman v. Georgia,* 408 U. S. 238, 92 S. Ct. 2726, 33 L. Ed. (2d) 346 (1972), the effect of which was to invalidate defendant's sentence to death by electrocution. Per force the same authority, in *State v. Bellue,* S. C., 193 S. E. (2d) 121, filed November 20, 1972, while affirming the conviction of the same person who is appellant here of the murder of another victim we set aside his sentence to death by electrocution and remanded the case for sentencing him to life imprisonment.

In addition to the moot issues relating to the death penalty, defendant charges errors in other respects on account of which he seeks a new trial. Although the importance of these questions to the defendant is minimized by the sentence which he is presently serving, we consider them as briefly as may be.

Defendant charges that the court erred by admitting testimony as to an oral confession made by him on the second day following his arrest. His principal reliance is upon the claim that he was so much under the

influence of drugs as to be mentally incompetent when the confession was made. The same claim was urged unsuccessfully in *State v. Bellue, supra,* with respect to the oral confession of the defendant to the murder involved in that case. The defendant confessed to both crimes at the same time and under identical circumstances. Our reasons for overruling the exceptions to the admission of this testimony at that trial are equally applicable here. Although the evidence bearing on admissibility of the testimony was not identical at the two trials, we need only say now that the trial judge held an evidentiary hearing outside the presence of the jury on this issue. He resolved the relevant issues of fact bearing upon the admissibility of the confession against defendant. Although the evidence was conflicting, there was testimony which reasonably supported the court's factual findings. We affirm under the established rule that the determination by the trial court of the preliminary facts upon which the admission of evidence depends will not be disturbed on appeal "unless so manifestly erroneous as to show an abuse of judicial discretion." *State v. Henderson,* 74 S. C. 477, 55 S. E. 117 (1906). See also *State v. Bethea,* 241 S. C. 16, 126 S. E. (2d) 846 (1962), in which the authorities in this jurisdiction on the scope of review in such cases were examined, and the conclusion drawn from them that affirmance is required if, as here, "the conclusion of the trial judge is a reasonable inference from the evidence." 241 S. C. at 24, 126 S. E. (2d) at 850.

The defendant also charges error in the admission into evidence of photographs showing the deceased as he was found at the scene of the crime. However, another photograph of the same scene was already in evidence without objection; and the defendant's counsel admitted that that photograph showed the same things as the ones in question, although from a different angle. In light of the similarity between the photograph already in evidence and the controverted ones, no prejudice can be inferred from the admission of the latter. Furthermore, the photographs

showed the victim's body bound in a crouched position by multiple strips of cloth encircling his legs, arms and neck. The manner in which the victim was tied is difficult to describe, but the photographs, taken from different angles, show it clearly. They tend to corroborate the medical testimony that the cause of death was strangulation and were admissible on that issue. Quite clearly, the trail judge did not abuse his discretion by admitting them into evidence. *State v. Edwards,* 194 S. C. 410, 10 S. E. (2d) 587 (1940); Annot., 73 A. L. R. (2d) 769 (1960).

We find no merit in the charge that the court erred in refusing to grant a mistrial when counsel "noted," as the basis for the motion, that the defendant attempted to commit suicide on the night before the last day of the lengthy trial. The record simply does not show that the defendant was incapable of completing the trial. The dialogue between him and the court indicates to the contrary. The court did not err by refusing the motion.

Finally, the defendant excepts to the trial court's refusal to charge on insanity as a defense. We find no merit. The furtherest reach of the evidence on this point indicated that the defendant on the night of his arrest was acting "wild" as a result of taking alcohol or drugs. Voluntary intoxication or drug use does not absolve a defendant of criminal responsibility. *State v. Blassingame,* 221 S. C. 169, 69 S. E. (2d) 601 (1952). See also *Commonwealth v. Campbell,* 445 Pa. 488, 284 A. (2d) 798 (1971), which applies this principle to the unpredictable drug LSD. The court there held that drug use was analogous to voluntary intoxication rather than insanity. In the instant case, evidence that the defendant's IQ was 82 was introduced, but no allegation is made that this impaired his ability to distinguish right and wrong. Thus, there was no issue of insanity raised by the evidence, and the trial judge's refusal to submit this issue to the jury was not error.

Accordingly, the conviction of the defendant is affirmed; the sentence to death by electrocution is set aside, and the

44

case is remanded to the Court of General Sessions for York County for the purpose of sentencing the defendant to life imprisonment under Section 16-52 of the 1962 Code of Laws, as if the jury had returned a verdict of guilty with recommendation to mercy.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.