19776

Sammy SOLOMON and Jack Dunn, Respondents v. CITY REALTY COMPANY et al., Appellants.

(203 S. E. (2d) 435)

*E. Windell McCrackin, Esq.,* of Myrtle Beach, *for Appellant,*

*John W. Jenrette, Jr., Esq.,* of North Myrtle Beach, *for Respondents,*

February 20, 1974.

BRAILSFORD, Justice:

This is an appeal from an order of the circuit court refusing a special appearance motion by the Defendant Milton Bauchner to dismiss the action as to him for lack of jurisdiction of his person, he not being a resident of South Carolina but of New Jersey, and the only service of process upon him having been personal service in the State of Florida. City Realty Company, a New Jersey corporation, and Ocean Forest Hotel, Inc., a South Carolina corporation, were named as defendants but were not served with process. Bauchner was president of both corporations. The cause of action arose out of a 1966 contract whereby plaintiffs allegedly leased from the defendants a portion of the Ocean Forest Hotel property, known as the Patio, in Horry County, South Carolina, and the alleged breach of the contract by the defendants in 1966 and 1967.

The court held that service on Bauchner in Florida was authorized by our so-called long-arm statute, which was adopted by the General Assembly in 1966 as part of the Uniform Commercial Code, Act No. 1065 of 1966, effective January 1, 1968 and re-enacted by Act No. 1343 of 1972, approved June 2, 1972. Bauchner has appealed on four exceptions which we consider in order.

> 1. *The statute has no application to the cause of action alleged in the complaint.* The long-arm statute has been codified as Sections 10.2-801 through 10.2-

809, South Carolina Code Added Volume 2A (1966). Section 10.2-803 authorizes a court to exercise personal jurisdiction over a person as to a cause of action arising from the person's conduct in specified particulars (a) through (h). We quote the first, "(a) transacting any business in this State"; in such cases Sections 10.2-804 and 10.2-806 authorize personal service without the State. Manifestly, the alleged cause of action set forth in the complaint arose from Bauchner's transacting business in this State; hence, the case is within the terms of the statute.

2. *The breach of contract occurred prior to the effective date of the statute; hence, the statute is not applicable.* The only passage in the brief which can be related to this exception is a statement that the alleged breach of contract occurred prior to the effective date of the statute, followed by: "For this Act to be applicable to the allegations of the complaint, an *ex post facto* effect would have to be given to it. This would be improper and unlawful." This bald conclusion is not manifestly correct, Annot., 19 A. L. R. (3d) 138, Sec. 4, p. 146 (1968), and leaves unargued the error assigned by this exception. Under the familiar rule, it is deemed abandoned.

3. *The long-arm statute as enacted in 1966 only applied to cases arising under the Uniform Commercial Code.* The statute was adopted as a floor amendment to the Uniform Commercial Code but its application was not limited to such cases. The 1972 reenactment (Act 1343 of 1972) refers to circuit decisions holding the amendment invalid because not referred to in the title to Act No. 1065 of 1966. However, no constitutional challenge to the statute as adopted in 1966 is presented on this appeal. We have already held that this case is within the terms of the statute, which also disposes of this exception.

4. *Act No. 1343 of 1972 (by which the long-arm statute was reenacted) became effective after service of process on Bauchner in Florida; hence, said Act*

*has no application.* We agree that the 1972 Act is inapplicable. However, service in this case was made under Sections 10.2-804 and 10.2-806, Code of Laws Added Volume 2A (1966), effective January 1, 1968, the validity of which have not been challenged.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.