20354

The **STATE,** Respondent, v. Furman **VAUGHN,** Appellant.

(232 S. E. (2d) 328)

*Ann M. Stirling, Esq.,* of Charleston, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Brian P. Gibbes, Asst. Attys. Gen.,* of Columbia, and *Robert B. Wallace, Sol.,* of Charleston, *for Respondent,*

February 3, 1977.

RHODES, Justice:

The appellant was indicted for burglary and assault with intent to ravish. These charges arose out of his entry into the mobile home of two Charleston residents on or about

August 21, 1975. A jury returned a verdict of guilty of the lesser offenses of housebreaking and assault and battery of a high and aggravated nature. The trial judge sentenced the appellant to terms of four (4) years for housebreaking and five (5) years for aggravated assault to run consecutively. The appellant maintains that he is entitled to a reversal because of alleged trial errors. We disagree with his contentions and affirm the conviction.

We consider first whether the appellant's pre-trial motion for a continuance was properly denied after defense counsel asserted that she had not had time to prepare the case adequately. A motion for a continuance is addressed to the sound discretion of the trial judge, and the court's denial of such motion will not be reversed without a showing of abuse of discretion. *State v. Batson,* 261 S. C. 128, 198 S. E. (2d) 517 (1973). Moreover, "[w]hen a motion for a continuance is based upon the contention that counsel for the defendant has not had time to prepare his case its denial by the trial court has rarely been disturbed on appeal." *State v. Motley,* 251 S. C. 568, 164 S. E. (2d) 569 (1968).

The appellant advances the argument that a continuance should have been granted because the solicitor was able to call the case for trial when he desired to do so, and, consequently, inadequate notice of the time for trial was provided. This argument is similar to that presented to us in *State v. Mikell,* 257 S. C. 315, 185 S. E. (2d) 814 (1971), where we rejected the contention. Likewise, we reject it in the instant case. The appellant has not demonstrated anything that could have been used in his defense that was not employed by counsel. No showing is made of other evidence which could have been produced or additional points raised if a continuance had been granted. See *State v. Squires,* 248 S. C. 239, 149 S. E. (2d) 601 (1966). No showing of prejudice to the appellant or abuse of discretion on the part of the trial judge has been made, and, accordingly, we overrule the exception.

The appellant next contends that the trial judge improperly permitted the assistant solicitor to cross-examine the appellant concerning his prior conviction of housebreaking and grand larceny. When the appellant took the stand, he was cross-examined with regard to whether or not he had been convicted of the above-mentioned offenses in Greenville County in 1975. The appellant answered in the affirmative. We granted the appellant's petition, made pursuant to Rule 8, § 10 of the Rules of Practice of this Court, to argue against the practice in this State of permitting the introduction, for impeachment purposes only, of evidence of a witness's prior conviction of crimes involving moral delinquency or moral turpitude. However, none of the appellant's arguments convince us that change is required. We, therefore, adhere to our previous decisions in this area. See cases collected in 19 West's S. C. Digest, "Witnesses", Key Numbers 345(1), 345(2), and 350. The only question requiring our consideration is whether the testimony as to appellant's prior conviction was correctly admitted by the trial judge under the prevailing rules of evidence. We have held that a witness may be cross-examined about a previous conviction of a crime tending to affect his credibility. *Gantt v. Columbia Coca-Cola Bottling Co.,* 204 S. C. 374, 29 S. E. (2d) 488 (1944). Furthermore, we held in *State v. Reggen,* 214 S. C. 370, 52 S. E. (2d) 708 (1949), that "[g]uilt or larceny goes to the credibility of a witness and may be properly proved in order to discredit the witness." In the instant case, there is no question but that the trial court properly instructed the jury as to the limited purpose of the testimony concerning the appellant's prior conviction. It was not error to allow such evidence to be admitted.

The appellant further excepts to the trial judge's charge to the jury with respect to the extent of voluntary intoxication necessary to negate proof of the element of specific intent required for burglary, housebreaking, and assault with intent to ravish. We have held that

voluntary intoxication is not a valid defense to a crime involving a general criminal intent. *State v. Bellue,* 260 S. C. 39, 194 S. E. (2d) 193 (1973); *State v. Blassingame,* 221 S. C. 169, 69 S. E. (2d) 601 (1952). However, this issue is not before us. We are asked to hold that voluntary intoxication is a defense to crimes requiring proof by the State of specific intent,' since it appears that we have never had occasion to rule definitely on this particular point. It is clear that the majority of American jurisdictions permit voluntary intoxication to be interposed as a defense to specific intent crimes. The general rule is stated as follows:

"Where a particular purpose, motive, or intent is a necessary element to constitute the particular kind or degree of crime, it is proper to consider the mental condition of accused, although produced by voluntary intoxication, and, where he lacked the mental capacity to entertain the requisite purpose, motive, or intent, such incapacity may constitute a valid defense to the particular crime charged, . . ..

"The majority rule, holding intoxication to an extent precluding capacity to entertain a specific intent . . . to be a defense, does so not because drunkenness excuses crime, but because, if the mental status required by law to constitute crime be one of sperific intent . . . and drunkenness excludes the existence of such mental state, then the particular crime charged has not in fact been committed."

22 C. J. S. Criminal Law § 68(a) (1961). However, it is stated that there are authorities which hold that voluntary intoxication is not a defense to a crime involving a specific intent. *Id.*[1] We adopt the rule that voluntary intoxication, where it has not produced permanent insanity, is never an excuse for or a defense to crime, regardless of whether the intent involved be general or specific. Reason requires that a man who voluntarily renders himself intoxicated be no less responsible for his acts while in such condition. To grant

[1] See citation of cases from Missouri, Texas, Pennsylvania and Virginia in 22 C.J.S. Criminal Law § 68, p. 218, footnote 32, including supplement.

immunity for crimes committed while the perpetrator is in such a voluntary state would not only mean that many offenders would go unpunished but would also transgress the principle of personal accountability which is the bedrock of all law. "The effect of drunkenness on the mind and on men's actions . . . is a fact known to everyone, and it is as much the duty of men to abstain from placing themselves in a condition from which such danger to others is to be apprehended as it is to abstain from firing into a crowd or doing any other act likely to be attended with dangerous or fatal consequences." 22 C.J.S. Criminal Law § 66 (1961).

The trial judge based his charge to the jury on the assumption that the rule in this State is, or would be declared to be, that voluntary intoxication may negate the specific intent requisite for the crimes charged. The court erred in this regard. However, such a mistaken assumption does not require us to reverse the judgment below since the appellant received the benefit of a charge which was highly in his favor. The charge on specific intent and voluntary intoxication was in no way prejudicial to the rights of the appellant.

The appellant's contention that the trial judge committed reversible error when he charged the jury that the appellant's intoxication "should be considered in determining the degree of the crime" is likewise without merit. While the choice of language used here was unfortunate and, in isolation, could conceivably have misled a jury, we are satisfied that no prejudice to the appellant resulted. In deciding whether the jury was misled or the appellant prejudiced by allegedly erroneous instructions, the charge must be considered as a whole. *State v. Hoffman,* 257 S. C. 461, 186 S. E. (2d) 421 (1972) ; *State v. Clamp,* 225 S. C. 89, 80 S. E. (2d) 918 (1954) ; *State v. Chappell,* 185 S. C. 111, 193 S. E. 924 (1937). When viewed in context, the language employed clearly did not have a confusing or misleading effect.

Three remaining exceptions concerning the court's refusal to grant the appellant's motion for a directed verdict of not guilty were neither argued nor briefed and are, accordingly, deemed abandoned for purposes of this appeal.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.