492 S.E.2d 402

**The STATE, Respondent,**

v.

**Bernard SHAW, Appellant.**

**No. 2720.**

Court of Appeals of South Carolina.

Submitted Sept. 9, 1997.

Decided Sept. 29, 1997.

Senior Assistant Appellant Defender Wanda H. Haile, of South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Salley W. Elliott, Columbia; and Solicitor Ralph J. Wilson, Conway, for respondent.

GOOLSBY, Judge.

The single issue presented in this criminal case is whether evidence of a prior conviction for shoplifting may be used under Rule 609(a)(2), SCRE [1] to impeach the credibility of a defendant. We hold it may be so used and affirm. [2]

Bernard Shaw was convicted of possession with intent to distribute crack cocaine and possession with intent to distribute crack cocaine within one-half mile of a school. The trial judge sentenced him to seven years imprisonment.

Shaw testified in his own defense at trial, affirmatively disclosing he had been convicted of third degree burglary in

---

**1.** Rule 609(a)(2), SCRE provides in pertinent part as follows:

For the purpose of attacking the credibility of a witness ...
    (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

**2.** Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument pursuant to Rule 215, SCACR.

1991, possession with intent to distribute marijuana in 1991, and robbery in 1993. Before cross-examining Shaw, the solicitor voiced his intention to question Shaw about a prior 1993 conviction for shoplifting, an offense created by S.C.Code Ann. § 16–13–110 (1985).[3] Shaw's counsel objected; however, the trial judge overruled the objection.

■ Although we are aware that some federal courts have held a defendant may not be impeached on a prior shoplifting conviction,[4] we prefer to align ourselves with those state

---

3. The pertinent provisions of South Carolina's shoplifting statute, S.C.Code Ann. § 16–13–110 (1985 & Supp.1996), underwent minor changes in 1993. *See* Act No. 171, § 8, 1993 S.C. Acts 1341; *see also* Act No. 184, § 111, 1993 S.C. Acts 3326. Basically, a person is guilty of shoplifting if the person (1) takes, carries away, or transfers to another person or store area any merchandise with the intention of depriving the merchant of the possession, use, or benefit of the merchandise without paying the full retail value; (2) alters, transfers, or removes any label or price tag of any merchandise and attempts to purchase the merchandise at less than full retail value with the intention of depriving the merchant of that value; or (3) transfers any merchandise from its container with the intent to deprive the merchant of its full retail value.

4. *United States v. Amaechi,* 991 F.2d 374 (7th Cir.1993); *McHenry v. Chadwick,* 896 F.2d 184 (6th Cir.1990); *United States v. Scisney,* 885 F.2d 325 (6th Cir.1989); *United States v. Ashley,* 569 F.2d 975 (5th Cir.), *cert. denied,* 439 U.S. 853, 99 S.Ct. 163, 58 L.Ed.2d 159 (1978); *United States v. Dorsey,* 591 F.2d 922 (D.C.Cir.1978).

The court in *United States v. Ortega,* 561 F.2d 803, 806 (9th Cir.1977), as do other federal courts when faced with the question of whether a particular offense involves "dishonesty or false statement" within the meaning of Rule 609(a), FRE, relied on the Report of the Conference Committee that considered Rule 609 and interpreted Rule 609(a)(2), a rule almost identical to Rule 609(a)(2), SCRE, as "limiting the 'dishonesty and false statement' language to those crimes that involve some element of misrepresentation or other indicium of a propensity to lie and excluding those crimes which, bad though they are, do not carry with them a tinge of falsification." In its report, the conference committee itself expressly limited the words "dishonesty" and "false statement" to mean "crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, false pretense, or any other offense in the nature of *crimen falsi,* the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." Notes of Conference Report, H.R. No. 93–1597, *reprinted in* 3 *Weinsteins's Evidence* 609–39 (1976), *quoted in Ortega,* 561 F.2d at 806; *see, e.g., United States v. Sellers,* 906 F.2d 597 (11th Cir.1990) (theft, robbery, and shoplifting do not involve dishonesty or false statement under the federal rule); *United*

courts that hold shoplifting to be a crime that involves dishonesty *per se*.[5] Common sense tells us that anyone who, in violation of the shoplifting statute, takes and carries away a storekeeper's merchandise with intent to deprive the owner of its possession without paying for it, or alters or removes a label or price tag in an attempt to buy a product at less than its value, or transfers merchandise from its proper container for the purpose of depriving a storekeeper of its value acts dishonestly. We, therefore, hold a prior conviction for shoplifting can be used to impeach a witness under Rule 609(a)(2), SCRE. *See Webster's New Universal Unabridged Dictionary* 525 (Deluxe 2d ed.1983) (defining the word "dishonesty" to mean "deceiving, stealing, etc.").

We do not consider the question of whether, under the circumstances of this particular case, the admission of the prior conviction (assuming the trial court erred in admitting it) prejudiced Shaw to the extent that it constituted reversible

---

*States v. Yeo*, 739 F.2d 385 (8th Cir.1984) (the crime of theft, which involves stealth and demonstrates a lack of respect for another's property is not characterized by an element of deceit and would not interfere with the ascertainment of truth in a case and thus cannot be used for impeachment purposes); *United States v. Grandmont*, 680 F.2d 867 (1st Cir.1982) (robbery *per se* is not a crime of dishonesty under the federal rule); *United States v. Glenn*, 667 F.2d 1269 (9th Cir.1982) (prior burglary and grand theft convictions are not admissible for the purpose of impeachment under the federal rule); *United States v. Fearwell*, 595 F.2d 771 (D.C.Cir.1978) (a prior conviction for petit larceny may not be admitted to attack the credibility of a witness). *But see United States v. Brown*, 603 F.2d 1022 (1st Cir.1979) (holding that burglary and petit larceny have bearing on credibility).

**5.** The states that view shoplifting as a crime involving dishonesty and have a rule similar or identical to our Rule 609(a)(2), SCRE, generally regard theft as dishonest conduct that reflects upon honesty, integrity, and veracity. *Richardson v. State*, 579 P.2d 1372 (Alaska 1978); *Webb v. State*, 663 A.2d 452 (Del.1995); *Jaramillo v. Fisher Controls Co.*, 102 N.M. 614, 698 P.2d 887 (Ct.App.1985); *State v. Gallant*, 307 Or. 152, 764 P.2d 920 (1988); *State v. Butler*, 626 S.W.2d 6 (Tenn.1981); *State v. Perrett*, 86 Wash.App. 312, 936 P.2d 426 (1997); *see State v. Page*, 449 So.2d 813 (Fla.1984) (petit theft); *People v. Spates*, 77 Ill.2d 193, 32 Ill.Dec. 333, 395 N.E.2d 563, 568 (1979) ("theft, of whatever type"); *State v. Grover*, 518 A.2d 1039 (Me.1986) (acts of stealing); *State v. Brown*, 85 Ohio App.3d 716, 621 N.E.2d 447 (1993) (burglary, grand theft, and receiving stolen property); *Cline v. State*, 782 P.2d 399 (Okla.Crim.App.1989) (theft); *Commonwealth v. Kyle*, 367 Pa.Super. 484, 533 A.2d 120 (1987) (robbery, burglary, and theft).

error. *See United States v. Scisney,* 885 F.2d 325 (6th Cir.1989) (error in admitting a defendant's prior misdemeanor shoplifting conviction held harmless in light of the admission of evidence regarding more serious offenses committed by the defendant, lack of emphasis on prior convictions, and strength of case against the defendant); *cf. State v. Cooper,* 312 S.C. 90, 439 S.E.2d 276 (1994) (an error in excluding evidence of a witness's prior bad acts held harmless when the witness was thoroughly impeached by admission of numerous previous convictions and acknowledged he gave his testimony in exchange for favorable treatment on pending charges).

**AFFIRMED.**

CURETON and CONNOR, JJ., concur.