504 S.E.2d 360

**The STATE, Respondent,**

v.

**Richard E. COLF, Appellant.**

**No. 2875.**

Court of Appeals of South Carolina.

Heard June 3, 1998.

Decided July 27, 1998.

Rehearing Denied Sept. 17, 1998.

---

**3.** *In the Matter of Johnson,* 302 S.C. at 534, 397 S.E.2d at 523.

314

William B. Rogers, Jr., of Rogers & Munnerlyn, Bennettsville, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General

Charles H. Richardson, all of Columbia; and Solicitor Jay E. Hodge, Jr., Darlington, for respondent.

CURETON, Judge:

A grand jury indicted Richard Colf (Colf) for third degree burglary and larceny. At trial in August 1996, a jury convicted Colf of burglary, but not larceny. Colf now appeals and raises issues regarding the use of his prior convictions for larceny and breaking and entering to impeach him. We reverse and remand.

## I. FACTS

A warehouse employee testified that on April 8, 1996, he arrived at work to discover a truck parked at the back between two locked warehouses. The employee identified Colf as the man he saw dragging a machine out of a warehouse unit. The machine, a pump, stood in the doorway, and Colf stood inside the door. The employee testified that the pump could only be moved in one direction and that the pump was "sticking out of [the] door ... as if it were coming out." The employee drove immediately to his employer's office, and the two returned to the warehouse. Colf was gone, but the men noticed that someone had broken into a number of warehouse units. The lock was broken on the door of the unit where the employee had observed Colf. As the two men inspected the area, Colf returned.

A deputy arrived shortly after Colf's return. The deputy testified Colf initially claimed he was scavenging food for his animals. After the deputy informed Colf scavenging food from the area was illegal, Colf changed his story and said he was picking up furniture discarded by renters of the warehouse units. The deputy saw only paper trash in the area, and Colf's truck contained only various tools, but no food or furniture.

Colf testified at trial that as a handyman and oddjobber, he often gathered and repaired discarded items from the trash. Colf stated he was in the warehouse area to load a discarded couch on his truck. He claimed he was merely moving the pump from the middle of the driveway so that he could get through. When he noticed signs of tampering with some of

the warehouse doors, Colf said, he tried to wave down the employee. Colf said he went to the victim's office because the employee drove away. Colf returned to the scene when he learned the police had already been called. Colf said he could never have gotten the pump in his truck because he was under a doctor's care for a bad back. Colf told the court, "I can't pick the thing up . . ."; "I wouldn't attempt to pick it up"; but also stated, "I showed them how I picked it up."

On cross-examination, the court permitted the State to ask Colf about his prior convictions for attempted breaking and entering, attempted larceny, breaking and entering, larceny, and larceny of a vehicle. The parties do not dispute that all of these convictions are more than ten years old. Colf admitted the convictions, but claimed it "doesn't mean I did all of that stuff."

Following his conviction for third degree burglary, the court sentenced Colf to five years, suspended upon service of two years, and three years probation.

## II. IMPEACHMENT WITH PRIOR CRIMINAL CONVICTIONS

■ Colf first asserts that the trial judge should not have allowed impeachment with his prior convictions, because they were more than ten years old and no "specific facts and circumstances" supported a finding that the probative value substantially outweighed the prejudicial effect. We agree.

Admission of evidence falls within the trial court's discretion and will not be disturbed on appeal absent abuse of that discretion. *State v. Huggins*, 325 S.C. 103, 481 S.E.2d 114 (1997). The scope of cross-examination is within the discretion of the trial judge, whose decision will not be reversed on appeal absent a showing of prejudice. *State v. Sherard*, 303 S.C. 172, 399 S.E.2d 595 (1991).

Rule 609(b), SCRE, governs the admissibility of over-age convictions. The relevant provision states:

(b) **Time limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court deter-

mines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

No South Carolina case to date has directly applied the balancing test of Rule 609(b), although numerous cases have discussed Rule 609(b) in addressing pre-Rules situations. Thus, federal cases construing the same rule provision are persuasive in our analysis. *Roberts v. Peterson,* 292 S.C. 149, 355 S.E.2d 280 (Ct.App.1987). To support his contention that the trial court abused its discretion and failed to make the necessary findings required by Rule 609(b) for impeachment, Colf cites *United States v. Beahm,* 664 F.2d 414 (4th Cir.1981). In discussing the use of an 11–year–old sodomy conviction, the Fourth Circuit stated in *Beahm:*

Any conviction at least ten years old presumptively prejudices a defendant ... and the government [must] meet the heavy burden of rebutting the presumption....

The presumption is certainly not rebutted by the fact that the conviction was for the same type offense for which the defendant [now stands] accused.

. . . .

Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him.

Since evidence of any similar offense should be admitted only rarely, a similar conviction already presumptively barred from admission by Rule 609(b) should be admitted more rarely.

In the present case, the trial court made the following statements during the discussion on the propriety of using Colf's prior convictions to impeach him:

[T]he [rule] says you can't [allow the evidence] after ten years unless the court determines in the interest of justice that the probative value of the convictions supported by specific facts and circumstances substantially outweigh[s] the prejudicial value.

. . . .

Obviously, an admission of this is going to be highly prejudicial, but in the interest of justice, I may well decide to let it in.

. . . .

... If these prior convictions over ten years old were involving drugs, marijuana, peeping tom, anything other than the charge for which he's being tried, I would not let it in, but when somebody is being tried for grand larceny and he's got six different offenses for grand larceny, the interest of justice, in my view, compels me to let the jury have that testimony for such weight as they are entitled to receive.

The State argues that commission of larceny reflects directly on credibility. *See State v. Vaughn*, 268 S.C. 119, 232 S.E.2d 328 (1977). *Cf. State v. Shaw*, 328 S.C. 454, 492 S.E.2d 402 (Ct.App.1997) (shoplifting is a crime involving dishonesty for purposes of impeachment rule). It cites a number of cases in which courts have affirmed introduction of convictions over ten years old because the convictions directly reflected on credibility, and because the convictions were highly probative where the jury faced a choice between the State's and the defendant's opposing versions of the facts. *See, e.g., United States v. Brown*, 956 F.2d 782 (8th Cir.1992); *United States v. Murray*, 751 F.2d 1528 (9th Cir.1985); *United States v. Brown*, 603 F.2d 1022 (1st Cir.1979).

Although convictions for theft-related crimes are probative of credibility, and witness credibility is the ultimate issue for the jury when each side presents opposing views of the facts, we nonetheless agree with Colf that, under the facts of this case, the trial court abused its discretion by permitting cross-examination using the convictions.

Although the trial court clearly considered the rule and the ends of justice, the court's comments indicated a belief that the convictions were relevant because they related to the same or similar offenses as those with which Colf was currently charged, and a belief that this similarity heightened their probative value. Impeachment by prior convictions for the same or similar offenses is often prejudicial. *See United States v. Cathey*, 591 F.2d 268 (5th Cir.1979) (despite limiting instruction, jury may use the similar prior conviction as evidence of guilt).

We therefore consider in more detail the probative value of these convictions, and whether this probative value "substantially outweighs" the prejudicial effect. In *American Home Assurance Co. v. American President Lines, Ltd.*, 44 F.3d 774, 779 (9th Cir.1994), the court stated:

> [Appellant] argues that, in determining the probative value of [a] conviction, we should consider how critical [the witness's] credibility was to their case. This argument misconstrues the yardstick by which probative value is measured. Probative value is determined by how likely the evidence is to prove some fact, not how important proof of that fact is to the proponent's case. Accordingly, the probative value of [the witness's] credibility is measured by how well it demonstrates his lack of trustworthiness, not how badly [the Appellant] wishes to impeach him.

In Colf's case, we do not believe the convictions were sufficiently probative of truthfulness to substantially overcome their prejudicial effect. The Rule concludes that over-age convictions are not very probative of credibility. According to the Rule's policy, if a criminal has remained crime-free for ten years, an inference that he is more likely to lie is no longer appropriate. *Cathey*, 591 F.2d at 275–76 (noting that inadmissibility is the general rule, and that the legislative history supports that "convictions over ten years old generally do not have much probative value").

Sometimes a court will sanction use of an over-age conviction where the witness was convicted of other crimes after the over-age conviction, since this indicates the witness has not reformed; thus, the probative value of the over-age conviction increases. *See United States v. Gilbert*, 668 F.2d 94 (2d Cir.1981). Nothing in the record before us indicates Colf had committed any other crimes subsequent to the over-age convictions here involved.

■ The strength of the State's case and its need of the evidence may constitute a "special circumstance" that would justify admission or exclusion:

> In the context of admissibility of over-age convictions exceptional circumstances includes ... the need of the party offering the evidence to use it. Probity in this context is not an absolute; its value must be determined with regard to

the extent to which the [issues are] established by other evidence, stipulation, or inference.... [I]f the Government has a strong case on the [relevant issues], the extrinsic offense may add little and consequently will be excluded more readily.

*Cathey,* 591 F.2d at 276–77.

The State presented strong evidence and was able to effectively attack a number of weaknesses in Colf's version of the facts. This evidence included: (1) the employee's testimony that he saw Colf pulling the pump out of the warehouse; (2) the employee's demonstration that the pump could not be easily moved in the direction Colf would have to have been moving it if his testimony that he was returning the pump were true; (3) the testimony of three witnesses that no discarded couch or other salvageable trash was in the area; (4) the deputy's testimony that Colf's truck contained no salvage, but merely tools; and (5) the testimony that the driveway was twenty-five feet wide, which discounted Colf's assertion that he had to move the pump in order to pass through.

On cross-examination of Colf, the State (1) questioned Colf on his claimed intent to detain the person he thought was the "real" burglar, after he had testified elsewhere that his back was too weak even to pick up the pump; (2) questioned how Colf planned to move a couch alone with a bad back; (3) inquired why Colf, despite his bad back, was moving the pump in the more difficult and backwards manner; and (4) secured Colf's admission that he was well within private property, even if there was a discarded couch there. The strength of the State's case, combined with the effectiveness of the cross-examination of Colf, leads to the conclusion that the prior convictions were not sufficiently probative to "substantially outweigh" the undoubted prejudice.

In the present case, the witnesses against Colf consisted of a reliable employee who observed Colf in the act, the victim himself, and a deputy. None of the witnesses had a record, and Colf did not impeach them. Moreover, Colf did not attack the credibility of these witnesses. Colf's version of the facts and that of the State's witnesses did not substantially differ; Colf merely claimed that the witnesses erroneously concluded

he was stealing. This case simply does not contain the special circumstances necessary for introduction of Rule 609(b) convictions.

## III. ADVANCE NOTICE REQUIREMENT

■ Colf contends the trial court should have excluded the impeachment evidence because the State did not provide him with "sufficient advance written notice of [its] intent to use such evidence," as required by Rule 609(b). We disagree.

Colf admitted to the trial judge that the State provided his record with the State's response to his discovery motions under Rule 5, SCRCrimP, and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Rule 5 requires the State to disclose the defendant's record to the defense. *Brady* requires the State to disclose evidence in its possession favorable to the accused and material to guilt or punishment. The notice provision's purpose is to prevent unfair surprise. Under the federal rule, identical to South Carolina's Rule 609(b), some courts have found compliance if the State simply provided the defendant's record, or if the defense had actual knowledge of it. *United States v. Lopez,* 979 F.2d 1024 (5th Cir.1992).

A trial court has considerable discretion in ruling on the admissibility of evidence; those rulings will not be disturbed absent a showing of probable prejudice. *State v. Joseph,* 328 S.C. 352, 491 S.E.2d 275 (Ct.App.1997) (citing *State v. Sims,* 304 S.C. 409, 405 S.E.2d 377 (1991)). *See United States v. Sloman,* 909 F.2d 176 (6th Cir.1990) (finding no surprise and no prejudice by late notice where defense counsel knew of prior convictions and knew defendant would be subject to cross examination if he testified).

Here Colf's Request and Motion for Discovery and Production requested "[a]ny criminal arrests or convictions of the Defendant that could be used or may be preferred to impeach the Defendant or that could be used in cross-examining the Defendant." Clearly this request contemplated Colf's criminal record might be used to question or impeach him if Colf chose to testify. We see no "unfair surprise." "In the interest of justice," the trial judge granted a recess for Colf to confer with his attorney before presentation of the evidence. In

addition, the judge instructed the jury several times, without objection, on the limited purposes for which the jury could consider Colf's over-age convictions.

Further, Colf has shown no prejudice from the manner and time of notice. Nor did Colf argue prejudice related to the manner of notice in his brief. An issue that is not argued in the brief is deemed abandoned and precludes consideration on appeal. *First Sav. Bank v.. McLean*, 314 S.C. 361, 444 S.E.2d 513 (1994). An issue is also deemed abandoned if the argument in the brief is merely conclusory. *Solomon v. City Realty Co.*, 262 S.C. 198, 203 S.E.2d 435 (1974). Colf presented to this court only a conclusory, two-paragraph argument, citing no authority other than Rule 609, regarding notice.

Although Colf's argument on notice is meritless, we nonetheless conclude that the over-age convictions should not have been admitted for the reasons stated above. Accordingly, the trial court's decision is

**REVERSED AND REMANDED.**

HOWELL, C.J., concurs, and GOOLSBY, J., concurs in part and dissents in part.

GOOLSBY, Judge (concurring in part and dissenting in part):

I agree with the majority's reversal but write separately because I disagree with the majority's undertaking the balancing test of Rule 609(b), SCRE, to rule the prior convictions inadmissible at a new trial.

I agree that the trial court erred in failing to determine "that the probative value of the conviction[s] supported by specific facts and circumstances substantially outweighs [their] prejudicial effect." Rule 609(b), SCRE. The record before this court is devoid of information about the prior convictions from which we could ascertain specific facts and circumstances as part of the Rule 609(b) balancing test. I, therefore, would reverse and remand the case for a new trial at which the trial court would follow the requirements of Rule 609(b) to decide the ultimate question of the admissibility of the prior convictions.