THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
James Edward
Lee,        Appellant.
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2004-UP-073
Submitted January 12, 2004  Filed February 
 12, 2004

AFFIRMED 

 
 
 
Senior Assistant Appellate Defender Wanda P. Hagler, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and 
 Solicitor Thomas E. Pope, of York, for Respondent.
 
 
 

PER CURIAM:  Affirmed pursuant 
 to South Carolina Rules of Appellate Practice, Rule 220, and the following authorities:  
 As to Lees Sixth Amendment right to counsel:  McNeil v. Wisconsin, 
 501 U.S. 171, 175 (1991) (The Sixth Amendment right . . . is offense specific. 
 It cannot be invoked once for all future prosecutions, for it does not attach 
 until a prosecution is commenced, that is, at or after the initiation of adversary 
 judicial criminal proceedings--whether by way of formal charge, preliminary 
 hearing, indictment, information, or arraignment.) (quoting United States 
 v. Gouveia, 467 U.S. 180, 188 (1984)); Texas v. Cobb, 532 U.S. 162, 
 173 (2001) (holding when the Sixth Amendment right to counsel attaches, it only 
 encompasses the charged offense and any other offenses that would be considered 
 the same for purposes of double jeopardy); State v. Owens, 346 S.C. 637, 
 661-62, 552 S.E.2d 745, 757-58 (2001) (adopting Texas v. Cobb); State 
 v. Council, 335 S.C. 1, 15, 515 S.E.2d 508, 515 (1999) (holding the Sixth 
 Amendment right attaches only post-indictment); State v. George, 323 
 S.C. 496, 509, 476 S.E.2d 903, 911 (1996) (holding, although defendant was in 
 custody, defendants Sixth Amendment right to counsel had not attached, where 
 he had not been indicted and judicial proceedings had not been initiated).
As to Lees Fifth Amendment protection against 
 self-incrimination:  State v. Jones, 344 S.C. 48, 58, 543 S.E.2d 
 541, 546 (2001) (holding short, conclusory statements are insufficient to preserve 
 an issue for appellate review); State v. Colf, 332 S.C. 313, 332, 504 
 S.E.2d 360, 364 (Ct. App. 1998) (holding a conclusory, two-paragraph argument 
 that cited no authority other than an evidentiary rule was deemed abandoned 
 on appeal).
AFFIRMED.
HEARN, C.J., HOWARD, and KITTREDGE, JJ., concurring.