PREHEARING REPORT

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ex Parte:  Ranger Insurance Company,       
Appellant.
In Re:  The State,       
Respondent,
 
 
 

v.

 
 
 
Brandon Lee Dubose,       
Defendant,
&  Brown Bonding Company & Ranger Insurance Company,       
Surety for the Defendant.
 
 
 

Appeal From Lexington County
Marc H. Westbrook, Circuit Court Judge

Unpublished Opinion No. 2004-UP-590
Submitted October 1, 2004  Filed November 29, 2004

AFFIRMED

 
 
 
Mathias Genard Chaplin, of Columbia, for Appellant.
W. Rutledge Martin, Assistant Attorney General, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Ranger Insurance Company, the surety for Brandon Lee Duboses bond, appeals from a contempt order requiring the $11,000 bond to be estreated, less any expenses used in attempting to recommit Dubose.  Ranger Insurance also claims it is entitled to damages for being improperly suspended from writing bonds in Lexington County.  We affirm pursuant to Rule 220, SCACR, and the following authorities:
Issue I:  First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (holding that mere allegations of error do not amount to an abuse of discretion and that where supporting authority is not provided for an argument, it will be deemed abandoned); Solomon v. City Realty Co., 262 S.C. 198, 201, 203 S.E.2d 435, 436 (1974) (deeming an appellate issue abandoned that was not supported by authority).  Issue II:  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).
AFFIRMED.[1]
 STILWELL, BEATTY, and SHORT, JJ., concur. 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.