In this domestic case, John Bracey (Husband) appeals an order of the family court dismissing his action seeking a divorce from

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
John Bracey,       
Appellant,
 
 
 

v.    

 
 
 
Maxine Bracey,       
Respondent.
 
 
 

Appeal From Marlboro County
James A. Spruill, III, Family Court Judge

Unpublished Opinion No. 2005-UP-227
Submitted March 1, 2005  Filed March 31, 2005

DISMISSED

 
 
 
John Bracey, pro se, of Ridgeville, for Appellant.
No Appearance by Respondent.
 
 
 

PER CURIAM: In this domestic case, John Bracey (Husband) appeals an order of the family court dismissing his action seeking a divorce from his wife, Maxine Bracey, on the grounds of desertion.  Because Husband raises no cognizable appellate issue to this court, we are constrained to dismiss this appeal.
FACTS/PROCEDURAL HISTORY
Husband is an inmate in the custody of the South Carolina Department of Corrections.  Proceeding pro se, he filed papers with the family court asking it to grant a decree of Divorce on the grounds [of] Desertion.  In this filing, Husband claimed he had not seen or heard from [Wife] in over (10) ten years. 
The family court judge reviewed Husbands case file and, in a written order, found: There is no summons, the complaint is not adequate, and the attempted service by publication does not comply with the requirements of the law.  The court therefore ordered that: This matter is dismissed to be pursued by [Husband] when he gets out and can get some help with it.  Husband now appeals this ruling.  
In his final brief filed with this court, Husband sets out the issue on appeal as whether the family court erred in not granting divorce at the February 19, 2004, hearing[1] in Marlboro County Court.  His argument, in its entirety, reads: Grant the appeal so that appellant may present to the Family Court of Marlboro County the divorce decree package accepted in the Fourth Judicial district on grounds of desertion. 
LAW/ANALYSIS
We find Husband has failed to raise an issue on appeal that may be properly considered and decided by this court.  
Husband raises no specific exception to the ruling of the family court.  Husband does nothing more than assert the family courts ruling was incorrect.  Such broad, general statements of issues on appeal may be disregarded by the appellate court. Rule 208(b)(1)(B), SCACR; Sullivan Co. v. New Swirl, Inc., 313 S.C. 34, 36, 437 S.E.2d 30, 31 (1993) (noting that broad statements of issues made by appellant seeking to overturn grant of summary judgment may be disregarded by reviewing court); State v. Burroughs, 328 S.C. 489, 496, 492 S.E.2d 408, 411 (Ct. App. 1987) (noting that separate issues should be set forth and argued separately rather than lumped together under a single, broad issue).  
Moreover, Husbands argument in his brief is purely conclusory, citing no legal authority[2] and addressing none of the procedural defects identified by the family court in its order dismissing the case.  Conclusory arguments constitute an abandonment of the issue on appeal. See Solomon v. City Realty Co., 262 S.C. 198, 201, 203 S.E.2d 435, 436 (1974) (finding that where only passage in brief relating to issue appealed was single conclusory statement which left unargued the error assigned by [the] exception and was not even manifestly correct, issue was abandoned); see also State v. Colf, 332 S.C. 313, 321, 504 S.E.2d 360, 364 (Ct. App. 1998) (holding that an issue is deemed abandoned if argument in brief is merely conclusory); State v. Black, 319 S.C. 515, 518, 462 S.E.2d 311, 313 (Ct. App. 1995) (finding a conclusory argument of an issue by appellant amounts to an abandonment of the issue).
CONCLUSION
Because Husband failed to adequately raise or argue any cognizable appellate issue to this court, the present appeal is
DISMISSED.
HEARN, C.J., KITTREDGE and WILLIAMS, JJ., concur.   

     [1] There is no indication in the record that a hearing was ever conducted on this matter before the family court.  As noted above, the family court dismissed the case based on its review of the file.
     [2] Husband does list three South Carolina cases in his Table of Authorities.  However, none of these cases are cited or otherwise referred to in his argument.