**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Michael William McCraw, Appellant.

Appellate Case No. 2013-002745

Appeal From Saluda County
Donald B. Hocker, Circuit Court Judge

Unpublished Opinion No. 2015-UP-540
Submitted October 1, 2015 – Filed November 25, 2015

**AFFIRMED**

Appellate Defender Benjamin John Tripp, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Herring*, 387 S.C. 201, 216, 692 S.E.2d 490, 498 (2009)

("[W]hether to grant or deny a mistrial is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion.  The grant of a motion for a mistrial is an extreme measure which should be taken only where an incident is so grievous that the prejudicial effect can be removed in no other way." (citation omitted));  *State v. Allen*, 370 S.C. 88, 94, 634 S.E.2d 653, 656 (2006) ("An abuse of discretion occurs when the trial court's ruling is based upon . . . factual conclusions . . . without evidentiary support . . . .");  *State v. Ravenell*, 387 S.C. 449, 455-56, 692 S.E.2d 554, 557-58 (Ct. App. 2010) ("A trial [court] must determine a criminal defendant voluntarily waived his right to be present at trial in order to try the defendant in his absence.  The [court] must make findings of fact on the record that the defendant (1) received notice of his right to be present and (2) was warned he would be tried in his absence should he fail to attend." (citation omitted)); *id.* at 457, 692 S.E.2d at 558 (stating the fact that a defendant is present for the first day of trial indicates the defendant had notice of his right to appear); *id.* at 456, 692 S.E.2d at 558 (concluding "a bond form that provides notice that a defendant can be tried in absentia may serve as the requisite warning that he may be tried in his absence should he fail to appear");  *State v. Queen*, 264 S.C. 515, 517-19, 216 S.E.2d 182, 183-84 (1975)  (holding the trial court did not abuse its discretion in concluding the defendant could adequately participate in his defense despite his claim he was mentally incapacitated by taking a prescription narcotic drug because the defendant's claim was "totally and wholly unsupported by any evidence in the record);  *State v. Bellue*, 260 S.C. 39, 43, 194 S.E.2d 193, 195 (1973) (holding the trial court did not err in denying the defendant's motion for a mistrial because there was no evidence the defendant was incapable of completing the trial).

**AFFIRMED.**[1]

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.