**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Henry Kevin Grant, Appellant.

Appellate Case No. 2017-002499

Appeal From Laurens County
Frank R. Addy, Jr., Circuit Court Judge

Unpublished Opinion No. 2019-UP-341
Submitted September 1, 2019 – Filed October 9, 2019

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Jonathan Scott Matthews, both of
Columbia; and Solicitor David Matthew Stumbo, of
Greenwood, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In all
criminal cases, an appellate court sits to review errors of law only."); *State v.*

*Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003) ("In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial."); *id*. at 318, 557 S.E.2d at 464 ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law."); *State v. Mattison*, 388 S.C. 469, 478, 697 S.E.2d 578, 583 (2010) ("A jury charge that is substantially correct and covers the law does not require reversal."); *id*. at 479, 697 S.E.2d at 583 ("The trial court is required to charge only the current and correct law of South Carolina."); *id*. ("To warrant reversal, a trial [court's] refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *id*. at 479, 697 S.E.2d at 584 ("An appellate court will not reverse the trial [court's] decision regarding a jury charge absent an abuse of discretion."); *State v. McDonald*, 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000) ("An abuse of discretion occurs when the trial court's ruling is based on an error or law."); *State v. Vaughn*, 268 S.C. 119, 125, 232 S.E.2d 328, 330 (1977) ("[V]oluntary intoxication, where it has not produced permanent insanity, is never an excuse for or a defense to crime, regardless of whether the intent involved be general or specific.").[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[1] This case is distinguishable from *Elonis v. United States* because *Elonis* is narrowly focused on the specific intent requirement of section 875(c) of Title 18 of the United States Code, not on any broader First Amendment implications. 135 S. Ct. 2001, 2012-13 (2015); *see also United States v. White*, 810 F.3d 212, 220 (4th Cir. 2016) ("But, importantly, the Court's holding in *Elonis* was purely statutory; and, having resolved the question on statutory grounds, the Court declined to address whether a similar subjective intent to threaten is a necessary component of a 'true threat' for purposes of the First Amendment.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.