**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joseph N. Grate, Appellant,

v.

Jameka Cohen, Respondent.

Appellate Case No. 2021-000449

———————

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-118
Submitted March 1, 2023 – Filed March 22, 2023

———————

**AFFIRMED**

———————

Joseph N. Grate, of Pawley's Island, pro se.

Jameka Cohen, of Pawley's Island, pro se.

———————

**PER CURIAM:** Joseph N. Grate, pro se, appeals the circuit court's affirmance of the magistrate court's order ruling that Jameka Cohen satisfied Grate's complaint by providing her insurance information. On appeal, Grate argues (1) the magistrate court erred in ruling Cohen's response satisfied his complaint, (2) the circuit court erred in denying his motions for recusal and admission of best evidence, and (3) the court reporter erred by lying in the production of the

transcript from his hearing in front of the circuit court. We affirm pursuant to Rule 220(b), SCACR.

1. We hold that Grate abandoned his argument that the magistrate court erred in ruling Cohen's production of her insurance information satisfied his complaint. *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review."); *State v. Colf*, 332 S.C. 313, 322, 504 S.E.2d 360, 364 (Ct. App. 1998) (finding a conclusory, two-paragraph argument that cited no authority other than an evidentiary rule was abandoned), *aff'd as modified on other grounds*, 337 S.C. 622, 525 S.E.2d 246 (2000).

2. We hold Grate abandoned his arguments regarding the circuit court's denial of his motion for admission of best evidence and his motion for recusal because he made conclusory arguments, and he failed to cite authorities other than one evidentiary rule in relation to the admission of best evidence and one appellate court rule in relation to his motion to recuse. *See Colf*, 332 S.C. at 322, 504 S.E.2d at 364 (finding a conclusory, two-paragraph argument that cited no authority other than an evidentiary rule was abandoned).

3. We hold Grate's argument that the court reporter erred by lying in the production of the transcript of the circuit court hearing is not appropriate for direct appeal because Grate did not allege any errors by the circuit court and did not properly challenge the accuracy of the transcript provided by the court reporter. *See Al-Shabazz v. State*, 338 S.C. 354, 363, 527 S.E.2d 742, 747 (2000) ("In a direct appeal, the focus generally is upon the propriety of rulings made by the circuit court in response to a party's motions or objections."); Rule 607(i), SCACR (addressing retention of primary and backup tapes of a proceeding and the time for a party to challenge the accuracy of the transcript).

**AFFIRMED.**[1]

**WILLIAMS, C.J., VERDIN, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.